**Valentin CALDERON, Petitioner,**

v.

**A.D. MOYERS and Dennis Luther, Respondents.**

**Romualdo SUAREZ, Petitioner,**

v.

**A.D. MOYERS and Dennis Luther, Respondents.**

Nos. 82 C 6341, 82 C 6342.

United States District Court, N.D. Illinois, E.D.

Oct. 26, 1982.

---

Susan Schreiber, Sarah Reinhardt, Legal Service Center For Immigrants, Chicago, Ill., for petitioner.

Robert D. Vinikoor, Sp. Asst. U.S. Atty., Chicago, Ill., for respondents.

## MEMORANDUM OPINION AND ORDER

WILLIAM T. HART, District Judge.

These cases are before the Court on dual petitions for writs of habeas corpus. Petitioners Valentin Calderon ("Calderon") and Romualdo Suarez ("Suarez") presently are incarcerated in the Chicago Metropolitan Correctional Center ("MCC"), where they are being held in the custody of the Immigration and Naturalization Service ("INS") pending a determination as to their possible exclusion from the United States.

Petitioners were among the group of "Mariel Cubans" who came to this country in 1980. They were temporarily paroled into the United States at that time, pending determinations as to their admittance. On October 4, 1982, each petitioner was convicted of felony robbery in the Circuit Court of Cook County, Illinois, and sentenced to 24 months probation. They were incarcerated in the MCC on October 6, 1982. However, the INS did not serve the petitioners with formal notices of revocation of parole and instigation of exclusion proceedings until October 20, 1982.

On October 18, 1982, petitioners asked the District Director of INS to employ his discretion to grant reparole pending determinations as to their excludability, and to change venue of the exclusion proceedings from Atlanta, where the INS proposes to hear these matters, to Chicago. In a written Discussion and Order of October 19, 1982, the District Director denied the petitioners' request for reparole and change of venue.

Petitioners now ask the Court to review the decision of the District Director. The Court finds that it has jurisdiction to review petitioners' habeas corpus claims. *See Bertrand v. Sava,* 684 F.2d 204 (2d Cir. 1982); *Mayet Palma v. Vendezen,* 676 F.2d 100 (4th Cir.1982). The Court has examined the briefs and argument presented by counsel for petitioners and respondents, and also has reviewed the petitioners' administrative records, which contain the District Director's October 19 Order.

Both sides agree that the district court's scope of review is confined to the narrow question of whether the District Director abused his discretion in denying the requests for reparole and change of venue. The District Director would have abused his discretion if his decision was made without any rational basis or was made in bad faith. *Bertrand v. Sava, supra,* at 213; *Gilroy v. Ferro,* 534 F.Supp. 321, 326 (W.D.N.Y.1982).

■ Petitioners have not argued that the District Director's decision was made in bad faith. Instead, they argue that the District Director abused his discretion by relying on unproven allegations found in the administrative record which relate to the commission by these petitioners of certain violent acts.

Both petitioners were convicted, on pleas of guilty, to felony robbery. Petitioner Suarez apparently was previously convicted in the United States for violating a weapons law, and spent some time in the house of corrections. In addition, and by his own admission, Suarez spent substantial periods of time between 1965 and 1980 in Cuban jails, though it is unknown from this record whether these incarcerations were the result of convictions.

Petitioner Calderon has not had the same criminal history as Suarez, though Calderon did spend a year in a Cuban jail, either for deserting the army or refusing to join. Calderon argues that this shows the political nature of his opposition to the Cuban government, and demonstrates his case for asylum. This may well be so. However, the issue of his admissibility to the United States is not before the Court.

Neither Calderon nor Suarez has strong ties to the community. Further, both have abandoned the sponsors who agreed to sponsor them after their initial and temporary parole into the United States.

Contained in the administrative records considered by the District Director are police reports and a letter from the Cook County State's Attorney. These documents narrate the alleged violent acts of the petitioners at the time of the commission of the robbery. Even though these particular alleged violent acts are not the subject of convictions, their consideration by the District Director does not show an abuse of discretion.

The decision whether to grant parole in an immigration case may in some sense be likened to the district court's decision whether to grant bail in a criminal case. Final convictions are not the only factors which may be considered. Though the allegations in the police report and the letter of the state's attorney are admittedly hearsay, the District Director was permitted to consider them for the weight they were worth. (The complaining witness in the state court case was an undercover policeman, who alleged he was beaten by petitioners.) It should be noted that petitioners have not contested the allegations of violence.

■ The petitioners also have argued that the decision of the District Director in refusing reparole punishes the petitioners with incarceration where the state court did not, thereby replacing the state court's decision with that of the INS. But these are two distinct jurisdictions. The State of Illinois has found that its citizens may be protected sufficiently by a sentence of probation here. The Federal government has decided that these petitioners pose a threat to national safety. It was within the discretion of the Attorney General so to find.

The District Director concluded that both petitioners represent a threat to the safety and well-being of the community. The District Director's decision cannot be said to be without any rational basis, or made in bad faith, and the Court finds that he did not abuse his discretion.

■ The District Director's refusal to grant a change of venue from Atlanta to Chicago also was not an abuse of discretion. The law indicates that the choice of the locations of the detention and the exclusion hearing are within the discretion of the INS. 8 U.S.C. §§ 1223, 1225. The INS has developed a procedure for handling exclusion proceedings relating to the Mariel Cubans. The District Director considered the argument of counsel that Chicago would be

the better locus for these exclusion proceedings, and decided that the administrative convenience of the INS in handling the matters expeditiously and correctly was more important than these petitioners' reasons for requesting that the hearings be held in Chicago. The government has represented that these petitioners will be able to receive medical attention in Atlanta, and that in all likelihood they will be able to receive legal representation and to continue their search for new sponsors there. The Court finds that the District Director did not abuse his discretion in denying the request for a change of venue.

The Court wishes to thank counsel for petitioners and respondents for the diligent and careful handling of these cases. It is most unfortunate that these petitioners remained in custody approximately two weeks before receiving notice of the proceedings being instituted against them. Our system of justice is not meant to operate in such a fashion. While recognizing the administrative problems that exist, the Court expresses the hope that such a delay in bringing charges against persons held against their wishes will not again occur.

THEREFORE, IT IS ORDERED that

(1) The writs of habeas corpus of Valentin Calderon and Romualdo Suarez are denied.

(2) These cases are dismissed.