## MATTER OF VELASQUEZ

### In Deportation Proceedings

### A-26389579

### Decided by Board April 9, 1986

(1) There is a strong presumption that an attorney's decision to concede an alien's deportability in a motion for change of venue was a reasonable tactical decision, and, absent a showing of egregious circumstances, such a concession is binding upon the alien as an admission.

(2) It is immaterial whether an alien actually authorized his attorney to concede deportability in a motion for change of venue, for so long as the motion was prepared and filed by an attorney of record on behalf of his alien client, it is prima facie regarded as authorized by the alien and is admissible as evidence.

(3) An allegation that an attorney was authorized to represent an alien only to the extent necessary to secure a reduction in the amount of bond does not render inadmissible the attorney's concession of deportability in a pleading filed in regard to another matter, for there is no "limited" appearance of counsel in immigration proceedings.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Entered without inspection

ON BEHALF OF RESPONDENT:
Isaias D. Torres, Esquire
Lopez, Medina, Ramirez & Torres
2990 Richmond, Suite 205
Houston, Texas 77098

ON BEHALF OF SERVICE:
Benjamin D. Somera
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, and Vacca, Board Members

The respondent has appealed the oral decision of the immigration judge rendered at the deportation hearing of August 17, 1983. That decision finds the respondent deportable pursuant to section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2) (1982), as an alien who entered the United States without inspection, but grants the respondent the privilege of voluntary departure in lieu of deportation. The appeal shall be dismissed.

The issues raised by the respondent in this appeal require some understanding of the circumstances surrounding both his arrest and the granting of his motion for change of venue. Since the facts pertaining to these events are not discussed in the immigration judge's decision, we think it important to set them forth.

The respondent was arrested by officers of the Immigration and Naturalization Service on April 30, 1982, while he and several other men were leaving their place of work in Channelview, Texas.[1] The respondent and the other men were taken to the Service offices in Houston, Texas. There the Service interviewed the respondent and commenced deportation proceedings against him by issuing an Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien (Form I-221S), alleging that he is a native and citizen of Colombia, who entered the United States without inspection in 1977, and charging him with deportability pursuant to section 241(a)(2) of the Act. The Service determined not to release the respondent on bond but to keep him in custody pursuant to 8 C.F.R. § 242.2(a) (1982). Accordingly, the respondent was flown to the Service's detention and processing center in El Paso, Texas, where he was kept in custody for 9 days until he secured his release. Since the Service had determined to keep the respondent in custody in El Paso, it also scheduled his deportation hearing for that city.

On May 7, 1982, an attorney (Velarde) in El Paso filed a Notice of Entry of Appearance as Attorney or Representative (Form G-28), notifying the Service that he was the respondent's attorney of record. On July 22, 1982, Velarde submitted a motion for change of venue requesting that the respondent's deportation hearing be moved to Houston, Texas. In the motion, attorney Velarde admitted all of the factual allegations in the Order to Show Cause, conceded the respondent's deportability, and requested that the hearing be moved to Houston, because the respondent lived in that city and would find it too inconvenient and costly to travel to El Paso. When the Service did not oppose the motion, the immigration judge issued an order on August 12, 1982, granting the request for a change of venue.

On March 14, 1983, a new attorney (Torres), located in Houston, entered his appearance as counsel for the respondent. At that time,

---

[1] In an affidavit the respondent filed in conjunction with a motion to suppress admissions he made at the time of his arrest and questioning by the Service, the respondent has attested to his version of the facts surrounding his arrest. The Service did not present any evidence about the circumstances of the respondent's arrest. Accordingly, we have relied on his affidavit for the sequence of events surrounding his arrest.

Torres also filed a suppression motion, requesting a separate hearing to determine whether admissions made by the respondent at the time of his arrest were coerced or obtained in violation of the respondent's fourth and fifth amendment rights and should be excluded from evidence at his forthcoming deportation hearing. This motion was supported by the respondent's affidavit attesting to the facts surrounding his arrest and questioning by the Service and by various newspaper articles describing the Service's general procedures during workplace searches.

The respondent's deportation hearing was convened in Houston, Texas, on August 17, 1983. The respondent was present at the hearing with his new counsel, Torres, who renewed the motion to suppress. The immigration judge denied the motion. Thereafter, the respondent refused to admit the allegations and charge of deportability and invoked the fifth amendment privilege against self incrimination when asked to testify about his immigration status. Since it is a crime to enter the United States without inspection, the immigration judge found the respondent had properly invoked the privilege against self incrimination. See section 275 of the Act, 8 U.S.C. § 1325 (1982). In order to prove the respondent's deportability, therefore, the Service introduced into evidence the motion for change of venue containing the admissions and the concession of deportability that had been made by the respondent's first counsel, Velarde. Counsel Torres objected to admission of the motion. He contended that the respondent had never authorized Velarde to concede deportability. Torres also contended that the admissions and the concession of deportability exceeded the scope of Velarde's representation of the respondent, because the respondent had understood Velarde to be representing the respondent only to the extent necessary to obtain a reduction in the amount of his bond. Counsel Torres requested that the respondent be given an opportunity to testify in support of these contentions. The immigration judge denied the request and admitted the motion into evidence. The immigration judge found the admissions and the concession in the motion to be sufficient to prove the respondent's deportability as charged. The immigration judge denied a request by counsel Torres to permit the respondent to testify about the facts surrounding his treatment by the Service at the time of his arrest and questioning. The request was denied on the ground that the circumstances surrounding these events were immaterial to the admissibility of the motion for change of venue.

On appeal, the respondent has argued that his arrest and subsequent questioning by the Service violated his constitutional rights and that the immigration judge erred in denying the motion for a

separate suppression hearing. The respondent has also argued that the motion for change of venue was improperly admitted into evidence because it was not authenticated and because the admissions contained in the motion were not authorized by the respondent. He also contends that his right to confront the witnesses against him and his right to due process were violated when the immigration judge refused the request to allow the respondent to testify that his first counsel, Velarde, was never authorized to concede deportability.

We reject all of these contentions.

The immigration judge correctly denied the motion for a separate suppression hearing. The respondent requested a suppression hearing in order to litigate the legality of his arrest and the admissibility of unspecified admissions that he alleges resulted from his arrest and detention. However, the exclusionary rule, which requires a court to suppress evidence that is the fruit of an unlawful arrest or of other official conduct that violates the fourth amendment, does not apply in deportation proceedings. *INS* v. *Lopez-Mendoza*, 468 U.S. 1032 (1984). Moreover, the Service never introduced, or attempted to introduce, any evidence or admissions obtained from the respondent at the time of his arrest and detention. The only evidence submitted by the Service was the motion for change of venue, which was filed by attorney Velarde almost 3 months after the respondent's arrest. Since it was filed well after the respondent's arrest, this motion is not tainted by any violations of the fourth or fifth amendments that may have occurred at the time of the respondent's arrest. *Magallanes-Damian* v. *INS*, 783 F.2d 931 (9th Cir. 1986); *Hoonsilapa* v. *INS*, 575 F.2d 735 (9th Cir.), *modified*, 586 F.2d 755 (9th Cir. 1978). Thus, the motion to suppress and its supporting affidavit were immaterial to the admissibility of the motion for change of venue, and the request for a suppression hearing was properly denied. *Cf. Magallanes-Damian* v. *INS*, *supra*; *Hoonsilapa* v. *INS*, *supra*.

The contention that the motion for change of venue was erroneously admitted because it was not sufficiently authenticated has no merit. The regulations specifically authorize the immigration judge to receive into evidence any prior written statement, made by a respondent or by any other person, that is material and relevant to the issues in the case. *See* 8 C.F.R. § 242.14(c) (1986). Furthermore, documentary evidence in deportation proceedings need not comport with the strict judicial rules of evidence; rather, in order to be admissible, such evidence need only be probative and its use fundamentally fair, so as not to deprive an alien of due process of law. *See, e.g., Trias-Hernandez* v. *INS*, 528 F.2d 366, 369 (9th Cir. 1975);

*Martin-Mendoza* v. *INS*, 499 F.2d 918, 921 (9th Cir. 1974); *cf. INS* v. *Lopez-Mendoza, supra,* at 1050–51 & n.5.

The motion for change of venue is highly probative because it contains admissions and a concession that prove the respondent's deportability. Further, use of the motion was not fundamentally unfair. The motion previously had been submitted and accepted as part of the respondent's file, as noted by the Service stamp appearing on the upper left-hand corner of the motion. Thus, it already was a part of the official record of this proceeding at the time it was put forward by the Service as proof of the respondent's deportability. In addition, the respondent has not disputed that Velarde was counsel of record at the time the motion was filed; nor has the respondent contended that it is not Velarde's signature that appears on the motion. We also note that the record contains the signed August 1982 order by the immigration judge, granting a change of venue from El Paso to Houston, which obviously was issued in response to the motion. Indeed, absent this document, the respondent's hearing would have been improperly venued in Houston. Thus, the nature of the immigration judge's 1982 order also serves to authenticate the motion. *Cf. Winel* v. *United States,* 365 F.2d 646, 648 (8th Cir. 1966).

Moreover, the conduct of both the respondent and his second attorney, Torres, during the course of this matter is evidence from which the immigration judge reasonably could infer that the motion for change of venue is authentic. Conduct that forms the basis for inference is evidence. *United States ex rel. Bilokumsky* v. *Tod,* 263 U.S. 149, 153–54 (1923). The respondent presumably knew whether he had asked attorney Velarde to secure a change of venue, and, if the respondent had not, then he or attorney Torres had good reason to speak up and object at some point in these proceedings to the change. Neither the respondent nor counsel Torres ever did so. Under these circumstances, the failure to contest the change of venue is evidence from which we reasonably can infer that the motion is what it purports to be. *Id.*[2]

---

[2] The presence of other matters of record that reasonably authenticate the motion and of conduct in this case from which we can draw an inference that the motion is authentic distinguishes the respondent's case from *Iran* v. *INS,* 656 F.2d 469, 472–73 (9th Cir. 1981), in which the United States Court of Appeals for the Ninth Circuit found there was no evidence from which an immigration judge could have inferred the authenticity of a disputed piece of documentary evidence. *Id.* at 473. While the Ninth Circuit in *Iran* described several acceptable methods of fairly showing that a challenged document is what it purports to be, the court did not preclude the use of reasonable inferences drawn from other materials already of record or from an alien's conduct. *See id.* at 472 n.8.

The immigration judge also correctly denied the respondent's request to testify about the scope of Velarde's authority to concede deportability in the motion for change of venue. The respondent's rights to present evidence and to confront the evidence against him are not absolute; they are circumscribed by the due process concept of reasonableness. *See* section 242(b) of the Act, 8 U.S.C. § 1252(b) (1982); *Marroquin-Manriquez* v. *INS*, 699 F.2d 129, 135 (3d Cir. 1983). Thus, the immigration judge's refusal to allow the respondent to testify violated his statutory and due process rights only if the refusal was unreasonable. It was not, for the testimony the respondent proffered would not have rendered inadmissible either the concession of deportability or the motion.

Absent egregious circumstances, a distinct and formal admission made before, during, or even after a proceeding by an attorney acting in his professional capacity binds his client as a judicial admission. *Magallanes-Damian* v. *INS*, *supra*; *Thorsteinsson* v. *INS*, 724 F.2d 1365, 1367–68 (9th Cir.), *cert. denied*, 467 U.S. 1205 (1984); *see also* 31A C.J.S. *Evidence* § 361 (1964). Thus, when an admission is made as a tactical decision by an attorney in a deportation proceeding, the admission is binding on his alien client and may be relied upon as evidence of deportability. *Magallanes-Damian* v. *INS*, *supra*; *Rodriguez-Gonzalez* v. *INS*, 640 F.2d 1139 (9th Cir. 1981); *United States* v. *Guerra de Aguilera*, 600 F.2d 752 (9th Cir. 1979).

Counsel Velarde's admissions of fact and concession of deportability in the motion for change of venue come within these rules. The admissions and concession are distinct and formal, for they appear in a pleading filed with the immigration court. The admissions and concession were made by the respondent's attorney acting in his professional capacity because they were made by Velarde at a time when he was the respondent's official attorney of record. In addition, there is a strong presumption, which the respondent did not proffer any evidence to overcome, that counsel Velarde's decision to concede deportability in the motion was a reasonable tactical decision. *Cf. Strickland* v. *Washington*, 466 U.S. 668, 689 (1984). This presumption is enhanced in this case by the factors considered, and the nature of the inquiry, in determining whether to grant an alien's request for a change of venue. The decision whether to grant or deny a motion for change of venue rests solely in the discretion of an immigration judge. *See, e.g., La Franca* v. *INS*, 413 F.2d 686 (2d Cir. 1969). In determining whether to grant such a motion, an immigration judge usually considers such factors as, inter alia, administrative convenience, expeditious treatment of the case, the location of the witnesses, and the costs of

transporting witnesses or evidence to a new situs. *See, e.g., La Franca v. INS, supra,* at 689 and n.10; *United States ex rel. Mastoras v. McCandless,* 61 F.2d 366, 368 (3d Cir. 1932); *Calderon v. Moyers,* 558 F. Supp. 19 (N.D. Ill. 1982). Thus, attorney Velarde reasonably may have concluded that by conceding deportability he would relieve the Service of its burden of producing the evidence and witnesses needed to prove the respondent's deportability and thereby heighten the chance that the Service would not oppose a change of venue.

In any event, the respondent has not proffered any evidence to show that the admissions and the concession of deportability made on his behalf by counsel Velarde were the result of unreasonable professional judgment or were so unfair that they have produced an unjust result. *See Strickland v. Washington, supra.* Moreover, the respondent has not offered to testify that the factual admissions and concession of deportability were untrue or incorrect. Since this is the case, we find that the admissions and the concession of deportability were reasonable tactical actions undertaken by Velarde in order to enhance the respondent's chances of securing favorable action on the motion for change of venue and were properly held to be binding upon the respondent. *See, e.g., Strickland v. Washington, supra; Magallanes-Damian v. INS, supra; Matter of Z–,* 4 I&N Dec. 561, 562–63 (BIA 1951).

The respondent has argued that he should have been allowed to testify that counsel Velarde lacked authorization to concede deportability. This argument misses the point. Since we have found that the concession of deportability was a reasonable tactic designed to enhance the chances that the motion for change of venue would be granted, the issue is not whether the respondent authorized the concession of deportability, but whether the respondent authorized Velarde's attempt to secure a change of venue. *Cf. Strickland v. Washington, supra; Rodriguez-Gonzalez v. INS, supra; United States v. Guerra de Aguilera, supra.*

As a matter of law, a pleading that has been prepared or filed by an attorney for a party is prima facie regarded as authorized by the party and is entitled to be received into evidence as his admission. E. Cleary, *McCormick's Handbook of the Law of Evidence* § 265, at 635–36 (2d ed. 1972). It is open to a party to give evidence that a particular pleading was filed upon incorrect information and without his actual knowledge. *Id.* However, the respondent did not proffer this type of evidence. He did not offer, for instance, to testify that the motion recites untrue information or that counsel Velarde requested a change of venue without the respondent's knowledge and against his wishes. Indeed, without more evidence than

909

that which the respondent proffered, we would find an assertion of the latter type to be incredible, for the record shows that the respondent returned to his home in Houston after being released from the custody of the Service in El Paso, that the motion for change of venue was filed within a short time thereafter, and that during the year between the granting of the change of venue and the commencement of the hearing in Houston, neither the respondent nor his present counsel ever questioned the change of venue. In any event, even if the respondent had proffered evidence to show that the motion for change of venue was filed without his authorization, such evidence would not have caused the motion to be inadmissible. The fact that a pleading was filed by an attorney without his client's knowledge goes only to the weight, and not to the admissibility, of the pleading. *Id.*

Lastly, the admissibility of the motion for change of venue is not affected by the proffer of testimony that Velarde was representing the respondent only to the extent necessary to secure a reduction in his bond. The respondent has not disputed that Velarde was the respondent's attorney. The bottom portion of Velarde's Form G–28, which the respondent claims he never signed, does not pertain to him, for it relates only to citizens and lawful permanent resident aliens. Thus, the respondent's failure to sign this portion of the form in no way affects the scope of Velarde's representation at the time. Furthermore, under the regulations, there is no "limited" appearance of counsel in immigration proceedings. *See* 8 C.F.R. §§ 292.1, 292.4, 292.5(a) (1986). Inasmuch as the record shows that Velarde was counsel of record at the time the motion for change of venue was filed, and inasmuch as the respondent's proffer of testimony was to the effect that Velarde had a scope of authority that is not recognized under the regulations, the immigration judge reasonably disregarded this proffer of evidence.

For the foregoing reasons, the respondent's proffer was reasonably denied, and the motion for change of venue was properly admitted into evidence. Once in evidence, the factual admissions and the concession contained in the motion amounted to clear, unequivocal, and convincing evidence of the respondent's deportability and were sufficient to support an order of deportation. Accordingly, the respondent's appeal shall be dismissed.

**ORDER:** The appeal is dismissed.

**FURTHER ORDER:** Pursuant to the immigration judge's order and in accordance with our decision in *Matter of Chouliaris*, 16 I&N Dec. 168 (BIA 1977), the respondent is permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the district director; in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.