**Arcenio Tomas ZARATE–ALCANTARA,**
Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,**
Respondent.

No. 02–70831.
INS No. A72–143–685.

United States Court of Appeals,
Ninth Circuit.

Submitted May 16, 2003.*

Decided May 23, 2003.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before HAWKINS and W. FLETCHER, Circuit Judges, and KING,** Senior District Judge.

MEMORANDUM ***

Arcenio Zarate–Alcantara ("Zarate") seeks review of a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from the decision of the Immigration Judge denying his motion to reopen to rescind a deportation order entered *in absentia.* Zarate bases his petition on both lack of notice and exceptional circumstances.

■ Zarate claims that he did not receive adequate notice of the deportation hearing date because the prior hearing was conducted in English, and the written notice was provided to attorney Camille Cook, who was making a "one-time special appearance" on Zarate's behalf, rather than to attorney Robert Perez, whom Zarate claims was his retained counsel. However, Zarate did not raise the issue of language difficulties before the BIA, and he does not assert here that he did not understand the proceedings, but only that he "was not likely to have understood." Were we able to consider this claim, such an assertion would be insufficient to carry Zarate's burden of proving lack of notice. *See* 8 U.S.C. § 1252b(c)(3) (1995).

Further, Zarate concedes that attorney Cook was provided with written notice of the hearing date in his presence, and was instructed to advise Zarate of the consequences of a failure to appear. Although Zarate claims that Perez was his true attorney, there is no evidence in the record to substantiate this claim, as Cook was the only attorney to file an appearance on Zarate's behalf. The BIA does not recognize a "limited" appearance of counsel, *Matter of Velasquez,* 19 I. & N. Dec. 377, 384 (BIA 1986), and the record suggests that Cook may have had a greater role in Zarate's case than he claims, as court records reflect that Cook accessed Zarate's immigration file over a year after the hearing in question. Zarate fails to substantiate his contention that Perez was his "true" attorney, and that he was not given proper notice by Cook. Therefore, the BIA did not abuse its discretion in dismissing his appeal.

■ In the alternative, Zarate claims that the confusion surrounding who was his attorney of record and who was required to notify him of the hearing date constitutes exceptional circumstances such that the proceedings should be reopened. *See* 8 U.S.C. § 1252b(c)(3) (1995). But Zarate did not raise this argument before the BIA, and therefore we lack jurisdiction to consider this claim in the first instance. *Martinez–Zelaya v. INS,* 841 F.2d 294, 296 (9th Cir.1988). Moreover, even if Zarate had successfully raised the exceptional circumstances issue below, his claim is based on ineffective assistance of counsel, and he has not complied with the threshold requirements of *Matter of Lozada,* 19 I. & N. Dec. 637, 639 (BIA 1988).

** Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

 Finally, Zarate's motion to reopen is untimely, as it was filed almost four years after the deportation order was entered, far exceeding the statutory filing period of 180 days. *See* 8 U.S.C. § 1252b(c)(3) (1995). Zarate argues that he is eligible for equitable tolling of this period, but also failed to raise this claim before the BIA, and we therefore lack the power to consider it. *See Martinez–Zelaya*, 841 F.2d at 296.

PETITION DENIED.