**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60814
Summary Calendar

SANTIAGO PACHECO DOMINGUEZ,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of
the Board of Immigration Appeals
BIA No. A93 202 794
--------------------

Before DAVIS, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

Mexican citizen Santiago Pacheco Dominguez petitions for re-
view of the decision of the Board of Immigration Appeals ("BIA")
dismissing his appeal of the decision of the Immigration Judge (IJ)
denying his application for cancellation of removal pursuant to
8 U.S.C. § 1229b. Pacheco Dominguez contends that his right to due

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

process was violated when he was placed in removal proceedings after he had been denied status under the special agricultural worker ("SAW") program set out at 8 U.S.C. § 1160. Pacheco Dominguez argues that information from his application for SAW status was used in violation of the confidentiality provision of 8 U.S.C. § 1160(b)(6)(A)(i). Even if it is assumed that Pacheco Dominguez exhausted administrative remedies as to that contention, § 1160(b)-(6)(A)(i) only prohibits use of information gathered during the SAW legalization process; it does not prohibit immigration authorities from checking on whether SAW status was granted or denied. See Arreola-Arrellano v. INS, 223 F.3d 653, 656 (7th Cir. 2000).

Pacheco Dominguez presents several arguments challenging the determination that his 1989 conviction of alien smuggling rendered him ineligible for cancellation of removal. Because, however, he admitted removability on the basis that he was not admitted or paroled into the United States, he was ineligible for cancellation of removal regardless of the status of his conviction. See § 1229b(a)(1)&(2). Moreover, counsel's concession that Pacheco Dominguez had been convicted of alien smuggling was binding on Pacheco Dominguez, see Matter of Velasquez, 19 I.&N. Dec. 377, 382 (BIA 1986); alien smuggling is currently defined as an aggravated felony, regardless of the sentence imposed, 8 U.S.C. § 1101(a)-(43)(N); the current definition applies retroactively, id. § 1101(a)(43); and its retroactivity does not violate the Due Process or Ex Post Facto Clause. See Madriz-Alvarado v. Ashcroft, 383

F.3d 321, 334 (5th Cir. 2004) (Due Process Clause); Marcello v. Ahrens, 212 F.2d 830, 838-39 (5th Cir. 1954), aff'd, 349 U.S. 302 (1955) (Ex Post Facto Clause). Finally, 8 U.S.C. § 1182(h), which Pacheco Dominguez argues entitles him to a waiver, is facially inapplicable to his case.

PETITION DENIED.