IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 29, 2008

Charles R. Fulbruge III
Clerk

No. 07-60810
Summary Calendar

LEROY CHAMBERS, also known as Jamica Chambers, also known as Jamaica Chambers

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A18 133 311

Before KING, DENNIS, and OWEN, Circuit Judges
PER CURIAM:[*]

Leroy Chambers is a native and citizen of Jamaica. He petitions this court for review of a final order of the Board of Immigration Appeals (BIA) dismissing his appeal of the Immigration Judge's (IJ) order of removal. Chambers was found to be removable as an alien who had remained in the United States longer than permitted, as an alien convicted of a controlled substance offense, and as an alien convicted of an aggravated felony.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

When, as in this case, the BIA enters a decision independent of the IJ's decision, this court will confine its review to the BIA's decision. See Girma v. INS, 283 F.3d 664, 666 (5th Cir. 2002). The BIA's legal conclusions are reviewed de novo and its factual findings are reviewed for substantial evidence. Id. This court lacks "jurisdiction to review any final order of removal against an alien who is removable by reason of having committed" certain criminal offenses, including a controlled substance offense or an aggravated felony. §§ 1252(a)(2)(C), 1227(a)(2)(A)(iii), (a)(2)(B). However, this court does have jurisdiction to review its own jurisdiction and to review constitutional claims or questions of law. See Omari v. Gonzales, 419 F.3d 303, 306 (5th Cir. 2005); § 1252(a)(2)(D).

Chambers argues that the BIA erred by finding that he was bound by his counsel's concessions of the factual allegation against him and his removability; he also argues that counsel's concessions constituted ineffective assistance of counsel. An alien generally is bound by his counsel's admissions. See Matter of Velasquez, 19 I. & N. Dec. 377, 382 (BIA 1986). In the instant case, the BIA found that Chambers failed to meet any of the procedural requirements for raising a claim of ineffective assistance of counsel. See In re Lozada, 19 I. & N. Dec. 637, 638 (BIA 1988); Lara v. Trominski, 216 F.3d 487, 497-98 (5th Cir. 2000). Nothing in the record suggests that Chambers complied with these requirements. Accordingly, the BIA did not err in rejecting Chambers's claim of ineffective assistance of counsel.

Chambers's other primary argument is that the Government failed to show that his prior state felony conviction was an aggravated felony or a drug trafficking offense. "Any alien who is convicted of an aggravated felony at any time after admission is deportable." § 1227(a)(2)(A)(iii). For immigration purposes, an aggravated felony includes drug trafficking crimes as defined in 18 U.S.C. § 924(c). See 8 U.S.C. § 1101(a)(43)(B). Section 924(c)(2) provides that the phrase drug trafficking crime includes "any felony punishable under the

Controlled Substances Act." A state offense constitutes a felony punishable under the Controlled Substances Act only if it proscribes conduct punishable as a felony under that federal law. See Lopez v. Gonzales, 549 U.S. 47, 127 S. Ct. 625, 629-33 (2006).

When determining whether an offense qualifies as an aggravated felony, this court "look[s] at the statute under which the alien was convicted rather than at the particular underlying facts." Omari, 419 F.3d at 307. "If the statute of conviction defines multiple offenses, at least one of which does not describe an aggravated felony," then this court looks to the record of conviction to determine under which subsection the individual was convicted to determine whether the conviction is an aggravated felony. Larin-Ulloa v. Gonzales, 462 F.3d 456, 464 (5th Cir. 2006); Omari, 419 F.3d at 308. The record contains a certified copy of Chambers' judgment of conviction and order for commitment, which reflects Chambers's guilty plea and conviction for "possession with intent to distribute - cocaine." R. 141-42; 8 C.F.R. 1003.41(a). Chambers was convicted under New Jersey Stat. Ann. 2C:35-5a(1), which tracks the language of the analogous federal statute criminalizing possession with intent to distribute. 21 U.S.C. § 841(a)(1). The record also contains a certified copy of Chambers's indictment, which specifies that Chambers "knowingly or purposely did possess with intent to distribute cocaine in a quantity of five ounces or more." Therefore, the BIA did not err in finding that Chambers's conviction was an aggravated felony for immigration purposes. As an alien convicted of an aggravated felony, Chambers was correctly found to be removable. See § 1227(a)(2)(A)(iii).

Chambers also filed a petition for review from the BIA's denial of his motion for reconsideration. However, as he does not address this issue in his brief, it is abandoned. See Chambers v. Mukasey, 520 F.3d 445, 448 n.1 (5th Cir. 2008).

The petition for review is DENIED.