**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASPAL SINGH UPPAL,<br><br>            Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney<br>General,<br><br>            Respondent. | Nos.   14-73970<br>          15-71077<br><br>Agency No. A076-841-745<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 8, 2018
Seattle, Washington

Before:  GOULD and IKUTA, Circuit Judges, and FREUDENTHAL,[**] Chief
District Judge.

    Jaspal Singh Uppal petitions for review of an order of the Board of

Immigration Appeals (BIA) affirming the decision of an Immigration Judge (IJ)

---

    [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]      The Honorable Nancy Freudenthal, Chief United States District Judge
for the District of Wyoming, sitting by designation.

denying Uppal's motion to amend his pleadings. We have jurisdiction under 8 U.S.C. § 1252.

Uppal has not shown the existence of any of the three circumstances in which an alien must be relieved of counsel's admission that Uppal was admitted to the United States without inspection. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 830 (9th Cir. 2011). First, binding Uppal to that admission would not "produce[ ] an unjust result" due to an intervening change in law. *Id.* at 831 (alteration in original) (quoting *Matter of Velasquez*, 19 I. & N. Dec. 377, 383 (1986)). Rather, the BIA's decision in *Matter of Quilantan* held that *Matter of Areguillin*, 17 I. & N. Dec. 308 (1980), continued to be controlling law and therefore "the Board's long-standing interpretation of [admission]," as requiring only procedural regularity remained in force. *Matter of Quilantan*, 25 I. & N. Dec. 285, 287 (2010); *see also Hing Sum v. Holder*, 602 F.3d 1092, 1100 n.7 (9th Cir. 2010) ("The BIA has continued to apply *Areguillin* in unpublished decisions following the 1996 reform.").

Second, Uppal has not offered evidence proving that counsel's "factual admissions and concession of [removability] were untrue or incorrect." *Santiago-Rodriguez,* 657 F.3d at 832 (alteration in original) (quoting *Matter of Velasquez*, 19 I. & N. Dec. at 383). Uppal's polygraph results and sworn declaration that

2

Uppal entered the country via a wave through inspection, are directly contradicted by other evidence in the record, including Uppal's sworn statement that he entered "through a farm field near Blaine, Washington." Substantial evidence supports the BIA's decision that the proffered polygraph results were insufficient to overcome contradictory evidence in the record. *See Goel v. Gonzales*, 490 F.3d 735, 739 (9th Cir. 2007) ("[T]here is simply no consensus that polygraph evidence is reliable." (quoting *United States v. Scheffer*, 523 U.S. 303, 309 (1998)).[1] Uppal does not argue that counsel's admissions "were the result of unreasonable professional judgment." *Santiago-Rodriguez*, 657 F.3d at 832 (quoting *Matter of Velasquez*, 19 I. & N. Dec. at 383).

Therefore, the admission at the pleading stage that Uppal entered the United States without inspection is binding on Uppal, *see Perez-Mejia v. Holder*, 663 F.3d 403, 410 (9th Cir. 2011), and he is therefore not eligible for adjustment of status under 8 U.S.C. § 1255.[2]

---

[1] We reject Uppal's argument that the BIA was the first body to consider the polygraph evidence and therefore engaged in improper factfinding on appeal. The IJ considered the polygraph evidence, afforded it "little weight," and then concluded that "[a] report from a polygraph exam is not sufficient to convince the Court that the original admission was untrue or incorrect."

[2] We reject Uppal's argument that *Perez-Mejia* is limited to admissions of criminal conduct. *See Matter of Velasquez*, 19 I. & N. Dec. at 382 (holding that aliens are bound by "admissions of fact and concession[s] of deportability").

**PETITION DENIED.**