
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CESAR ARTURO BELTRAN-TREJO, | No.   15-72862 |
| Petitioner, | Agency No. A205-065-038 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2018[**]
Pasadena, California

Before:  W. FLETCHER and PAEZ, Circuit Judges, and GLEASON,[***] District
Judge.

Petitioner Cesar Beltran-Trejo petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an Immigration

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

Judge's ("IJ") decision to deny his 1) motion to withdraw prior admissions, 2) motion to suppress and terminate proceedings, 3) motion to cross-examine on the contents of the Government's Form I-213, and 4) motion for a continuance. We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition.

Beltran-Trejo was arrested on October 25, 2012. Biometric data collected in the course of his arrest linked him to a prior immigration file showing that Beltran-Trejo was a native and citizen of Mexico. Beltran-Trejo alleges the arrest was without probable cause and therefore in violation of the Fourth Amendment. The Department of Homeland Security ("DHS") sent him a Notice to Appear and began removal proceedings.

Beltran-Trejo's prior attorney made four factual admissions and conceded removability before seeking prosecutorial discretion. Beltran-Trejo's subsequent attorney sought to withdraw those admissions on the ground that his prior attorney had not seen the Government's Form I-213—which contains Border Patrol's narrative of Beltran-Trejo's arrest and the grounds for his removability—at the time she made the admissions and that, if she had, she would have realized Beltran-Trejo had been arrested in violation of the Fourth Amendment. The BIA affirmed the IJ's denial of the motion to withdraw the admissions.

An individual in immigration proceedings is bound by his attorney's admissions, unless there are "egregious circumstances." *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 830 (9th Cir. 2011) (citing *Matter of Velasquez*, 19 I. & N. Dec. 377, 382 (BIA 1986)). "Egregious circumstances" fall into three categories: 1) if the admission would produce an "unjust result," such as where it was "inadvertent" or its "propriety . . . has been undercut by an intervening change in law;" 2) if the petitioner can show the admission was "untrue or incorrect;" or 3) if the admission was "the result of unreasonable professional judgment." *Id.* at 831–32. Only the third exception plausibly applies here.

The third exception is analyzed as a Fifth Amendment ineffective assistance of counsel claim, which requires the petitioner to show both deficient performance and prejudice. *See id.* at 834–35. Beltran-Trejo argues it was deficient performance to make the admissions without pursuing a motion to suppress the Form I-213 as the fruit of an unlawful arrest. However, his prior attorney "could have reasonably decided to concede [Beltran-Trejo's] alienage and seek affirmative relief for [her] client rather than pursue a motion to suppress." *Torres-Chavez v. Holder*, 567 F.3d 1096, 1102 (9th Cir. 2009).

Even assuming a Fourth Amendment violation occurred and the exclusionary rule applied, a successful motion to suppress would not have

3

prevented the Government from proving removability. The Government's initial burden in removal proceedings is only to prove identity and alienage. 8 C.F.R. § 1240.8(c). Neither Beltran-Trejo's identity nor his alienage is suppressible as fruit of an illegal arrest. The identity of an individual in immigration proceedings is never suppressible, even if it came to be known through an egregious constitutional violation. *See United States v. Del Toro Gudino*, 376 F.3d 997, 1001 (9th Cir. 2004). In addition, the contents of Beltran-Trejo's immigration file, including his alienage, are not suppressible. "[T]here is no sanction to be applied when an illegal arrest only leads to discovery of the man's identity and that merely leads to the official file or other independent evidence. The file can be used so far as relevant." *Hoonsilapa v. INS*, 575 F.2d 735, 738 (9th Cir. 1978) *amended by* 586 F.2d 755 (9th Cir. 1978). Because even a successful motion to suppress would have yielded little practical benefit to Beltran-Trejo's overall immigration proceeding, it was not unreasonable for his prior attorney to forgo a motion to suppress in favor of seeking prosecutorial discretion.

Because Beltran-Trejo has failed to show deficient performance, the third *Santiago-Rodriguez* exception does not apply. We agree with the BIA that there are no "egregious circumstances" here warranting withdrawal of prior admissions and Beltran-Trejo remains bound by the prior concession of removability.

4

As a result, the BIA did not err in concluding that Beltran-Trejo's motion to suppress the Form I-213 or, in the alternative, to cross-examine on its contents, was moot. If an individual in removal proceedings "admits his or her removability under the charges and the immigration judge is satisfied that no issues of law or fact remain, the immigration judge may determine that removability as charged has been established." 8 C.F.R. § 1240.10(c). The IJ properly relied on Beltran-Trejo's factual admissions and concession of removability to sustain the charge and did not enter the Form I-213 into evidence.

Finally, the BIA did not abuse its discretion in denying Beltran-Trejo's motion for a continuance. *See Cui v. Mukasey*, 538 F.3d 1289, 1292 (9th Cir. 2008) ("[T]he decision to grant or deny continuances is in the sound discretion of the [immigration] judge"). Beltran-Trejo sought a continuance to allow U.S. Citizenship and Immigration Services to adjudicate a Form I-130 affirming he is the spouse of a U.S. citizen. This form is the first step in obtaining an immigrant visa and legal permanent resident status. As part of this process, Beltran-Trejo intended to apply for a Form I-601A "provisional unlawful presence waiver." However, an individual cannot submit a Form I-601A while removal proceedings are pending and must first ask the IJ or BIA to administratively close his immigration case. *See* 8 C.F.R § 212.7(e)(4)(iii).

The Attorney General's recent decision in *In re Castro-Tum* renders Beltran-Trejo's request for a continuance—with the goal of later seeking administrative closure—futile. 27 I. & N. Dec. 271 (A.G. 2018). The Attorney General held that "immigration judges and the Board may only administratively close a case where a previous regulation or a previous judicially approved settlement expressly authorizes such an action." *Id.* at 271. Further, "[r]egulations that apply only to DHS do not provide authorization for an immigration judge or the Board to administratively close or terminate an immigration proceeding." *Id.* at 277, n.3. The Attorney General specifically identified DHS's "provisional unlawful presence waiver" regulation as an example of a "regulation discussing administrative closure that has no corollary in Department of Justice regulations." *Id.*

**PETITION DENIED.**