NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0066n.06

No. 18-4263

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

MARICELA QUIROZ DE MORALES, Miroslava )
Trejo Mata, )
                                                  )
          Petitioner,                             )
                                                  )
     v.                                           )
                                                  )
WILLIAM P. BARR, Attorney General,                )
                                                  )
          Respondent.                             )

FILED
Jan 29, 2020
DEBORAH S. HUNT, Clerk

ON PETITION FOR REVIEW
FROM THE UNITED STATES
BOARD OF IMMIGRATION
APPEALS

_____

BEFORE: GUY, SUTTON, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

During her removal proceedings in immigration court, petitioner's prior counsel conceded that petitioner was an arriving alien and that she was removable pursuant to the Immigration and Nationality Act. Petitioner seeks to negate those concessions. We deny her petition because she has not demonstrated egregious circumstances.

I.

In 1998, petitioner Maricela De Morales—who was not a citizen or a national of the United States—attempted to enter the United States. She was, however, apprehended and removed pursuant to an expedited order of removal. At some point after her removal, De Morales returned to the United States, and in 2004, had her status adjusted to lawful permanent resident, but failed to disclose to the government that she had been the subject of an expedited removal. In 2014,

petitioner again attempted to enter the United States. In response, the Department of Homeland Security (DHS or Homeland Security) served her with a Notice to Appear.

DHS made seven allegations against De Morales:

1. You are not a citizen or national of the United States;

2. You are a native of Mexico and a citizen of Mexico;

3. You were removed under the following; Port of Entry, Hidalgo, Texas, on or about November 11, 1998 as Miroslava Trejo Mata, DOB: May 10, 1966, A077-446-784;

4. You adjusted status to that of a Lawful Permanent Resident Alien, on or about June[ ] 15, 2004, in Memphis, Tennessee, but you failed to disclose to the United States Government your prior expedited removal;

5. You applied for admission into the United States on Sunday, December 28, 2014, at the Laredo, Texas, Port of Entry;

6. You procured by fraud or willful misrepresentation your immigrant visa when you failed to disclose to the U.S. Government that you had previously been removed from the United States under such identity;

7. You are an immigrant not in possession of a valid unexpired immigrant visa or other valid entry document required by the Immigration and Nationality Act.[1]

Based on these allegations, Homeland Security charged petitioner as inadmissible pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) (not in possession of valid documentation).[2] During the proceedings before the Immigration Judge (IJ), petitioner—through her prior counsel—made two concessions that are central to this appeal. First, she conceded that she was an arriving alien (as opposed to a lawful permanent resident). Second, petitioner conceded that she was inadmissible under § 1182(a)(7)(A)(i)(I). After multiple hearings, the IJ ordered petitioner's removal based on

---

[1]Petitioner admitted allegations one, two, three, five, and seven, but denied allegations four and six.

[2]DHS charged De Morales as inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(C)(i) (fraud or willful misrepresentation of a material fact). Petitioner denied that charge. Subsequently, the government withdrew that charge.

the § 1182(a)(7)(A)(i)(I) charge. Petitioner appealed to the Board. The Board dismissed petitioner's appeal. This timely petition followed.

II.

In petitions from the Board's removal decisions, we review questions of law de novo. *Singh v. Gonzales*, 451 F.3d 400, 403 (6th Cir. 2006). The issue in this petition—whether petitioner is bound by her counsel's concessions—is a question of law. *See Hanna v. Holder*, 740 F.3d 379, 386–89 (6th Cir. 2014). Accordingly, our review is de novo.

In immigration proceedings, "petitioners are bound by the concessions of their attorneys to the IJ unless they can show ineffective assistance of counsel or some other egregious circumstances." *Id.* at 387 (citation omitted); *see also In re Velasquez*, 19 I. & N. Dec. 377, 382 (BIA 1986) ("Absent egregious circumstances, a distinct and formal admission made . . . by an attorney acting in his professional capacity binds his client as a judicial admission." (citation omitted)). "As a threshold matter, to establish egregious circumstances, an alien must argue 'that the factual admissions or concessions of [removability] were untrue or incorrect.'" *Hanna*, 740 F.3d at 387 (quoting *Velasquez*, 19 I. & N. Dec. at 383). Additionally, "an alien's argument that his attorney's concessions were incorrect must be supported by record evidence." *Id.* at 388 (citations omitted).

When "an alien has argued that his or her counsel's admission is incorrect and that argument is supported by the record, two types of egregious circumstances justify relieving the alien of his or her counsel's prejudicial admissions." *Id.* "The first circumstance concerns admissions that 'were the result of unreasonable professional judgment.'" *Id.* (quoting *Velasquez*, 19 I. & N. Dec. at 383). "The second circumstance in which an alien should be relieved of an admission of counsel is if binding the alien to that admission would 'produce[ ] an unjust result.'"

*Id.* (quoting *Velasquez*, 19 I. & N. Dec. at 383). "An inadvertent admission would fall into this category." *Id.* (citations omitted). Another example is when "the propriety of an admission or concession has been undercut by an intervening change in law." *Id.* (citations omitted).

III.

In an effort to satisfy the egregious circumstances requirement, petitioner advances arguments of both unprofessional judgment and unjust result. We are not persuaded by either.

A.

Petitioner first argues that her prior counsel's concessions were the result of unreasonable professional judgment. However, she did not advance this issue before the Board. "As a general rule in this Circuit, arguments raised for the first time on appeal are forfeited." *Swanigan v. FCA US LLC*, 938 F.3d 779, 786 (6th Cir. 2019). Though it is possible for a litigant to overcome the forfeiture rule, De Morales has not offered any reason why we should not apply the forfeiture rule in this case. Therefore, petitioner has forfeited her unprofessional judgment argument by not making it to the Board.

B.

Petitioner also asserts that she should "not be bound by [her] prior counsel's concession of removability because it would produce an unjust result." Petitioner supports her position with only two sentences in a footnote in her appellate brief: "If the [prior counsel's] concession is rescinded, then Petitioner is eligible to apply for waivers, if necessary, under 8 U.S.C. § 1227(a)(1)(H). Petitioner was not permitted to apply for waivers under 8 U.S.C. § 1227 because prior counsel already admitted that Petitioner was an arriving alien subject to inadmissibility."

Petitioner's terse assertions do not explain how enforcing the concession causes an unjust result. The *Hanna* court provided two examples of circumstances that could produce an unjust

result: an inadvertent admission, and a situation in which "the propriety of an admission or concession has been undercut by an intervening change in law." 740 F.3d at 388 (citations omitted). However, De Morales does not follow *Hanna*'s guidance. On the contrary, because petitioner failed to fully develop her unjust result argument, she has abandoned it. *See Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1063 (6th Cir. 2014) (observing that a failure to fully develop an argument constitutes abandonment).

Finally, because petitioner has failed to establish a required element of her argument—the presence of egregious circumstances—we need not address the other required element: whether the concessions were untrue or incorrect.

IV.

For these reasons, we deny the petition for review.