**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Martin Rios Naranjo, | No. 21-147 |
| Petitioner, | Agency No.   A075-112-275 |
| v. | |
| Merrick B. Garland, U.S. Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2023**
San Francisco, California

Before: S.R. THOMAS, MILLER, and SANCHEZ, Circuit Judges.

Martin Rios Naranjo, a native and citizen of Mexico, petitions for review

of a decision of the Board of Immigration Appeals dismissing his appeal from

an immigration judge's denial of his application for protection under the

Convention Against Torture (CAT). Because the Board adopted the

immigration judge's decision by citing *Matter of Burbano*, 20 I. & N. Dec. 872

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(B.I.A. 1994), we review both decisions. *Aguilar Fermin v. Barr*, 958 F.3d 887, 891 (9th Cir. 2020). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. We will uphold an adverse credibility determination so long as the "totality of the circumstances" provides substantial evidence for it. *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc); *see also Kumar v. Garland*, 18 F.4th 1148, 1156 (9th Cir. 2021). Under the substantial-evidence standard, we must accept the agency's factual findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Garland v. Ming Dai*, 141 S. Ct. 1669, 1677 (2021) (quoting 8 U.S.C. § 1252(b)(4)(B)).

The immigration judge identified two significant inconsistencies in Rios's testimony. First, Rios testified inconsistently about whether police or armed civilians attacked him when he was kidnapped in January 2017. His written declaration recounted, "I struggled with the police and then 4 armed civilians got into the truck and began to beat me with their rifles until I was unconscious." But he later testified that "[t]he police" hit him. Rios argues that he was using the word "civilian" to refer to anyone not in the military, a usage that would not exclude police officers. The immigration judge was not required to accept that explanation, and it makes little sense given that, within the same sentence, Rios distinguished "armed civilians" from "the police." This inconsistency concerns a key element of Rios's claim for CAT protection— whether public officials were complicit in the harm he suffered. *See Shrestha v.*

*Holder*, 590 F.3d 1034, 1046–47 (9th Cir. 2010) ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight.").

Second, Rios testified inconsistently about who sent him threatening text messages beginning in 2020. At the beginning of his testimony, Rios said that he received messages "asking me to take my life away in the presence of my children" and that "I don't know how they were able to detect me. I don't know." Later, Rios agreed that the sender was "[o]f course" his cousin. That inconsistency also concerned a key element of Rios's claim.

The immigration judge identified other inconsistencies in Rios's testimony and noted that Rios had a criminal record. Assuming without deciding that those grounds do not support the adverse credibility finding, we nevertheless conclude that the totality of the circumstances provided substantial evidence for the finding. Similarly, although the immigration judge erred in relying on Rios's failure to corroborate some of his claims without giving him notice of the need to provide corroborating evidence, the "non-corroboration grounds" provide substantial evidence for the adverse credibility determination. *Bhattarai v. Lynch*, 835 F.3d 1037, 1043 (9th Cir. 2016).

In the absence of credible testimony, Rios did not establish that he is more likely than not to be tortured if removed to Mexico.

2. We reject Rios's challenge to the Board's failure to address his motion to file a supplemental brief. The supplemental brief argued that Rios retained a

right to apply for asylum even though his counsel had previously agreed with the immigration judge's observation that his criminal history barred him from seeking asylum. The Board has the power to accept supplemental filings, *see, e.g.*, 8 C.F.R. §§ 1003.1(e)(9), 1003.3(c)(1), and we have held that it must exercise its discretion to accept such filings when faced with the opportunity to do so, *Garcia v. Holder*, 621 F.3d 906, 913 (9th Cir. 2010). Assuming without deciding that the Board erred in failing to address Rios's motion, the error does not require remand unless it caused prejudice. *Zamorano v. Garland*, 2 F.4th 1213, 1226, 1228 (9th Cir. 2021).

Rios cannot establish prejudice. The Board addressed the argument in Rios's supplemental filing by devoting a section of its decision to explaining why Rios had waived his asylum claim. Thus, the Board effectively considered the arguments Rios sought to advance.

Moreover, as the Board explained, Rios did indeed waive his asylum claim. "Absent egregious circumstances, a distinct and formal admission made before, during, or even after a proceeding by an attorney acting in his professional capacity binds his client as a judicial admission." *Matter of Velasquez*, 19 I. & N. Dec. 377, 382 (B.I.A. 1986). Rios has not shown egregious circumstances here. He has neither made an argument for ineffective assistance of counsel, nor "offer[ed] evidence proving that 'the factual admissions and concession . . . were untrue or incorrect.'" *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 832 (9th Cir. 2011) (quoting *Velasquez*, 19 I. & N.

Dec. at 383). In particular, Rios does not dispute that he was convicted of an aggravated felony, which would bar any asylum claim. *See* 8 U.S.C. § 1158(b)(2)(A)(ii), (b)(2)(B)(i).

The motions to stay removal (Dkt. Nos. 4, 10) are denied.

**PETITION DENIED.**