**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 14 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

ADRIAN LOPEZ SANTIAGO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 21-1369

Agency No.
A073-939-550

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2023[**]
Pasadena, California

Before: GRABER and OWENS, Circuit Judges, and TUNHEIM, District Judge.[***]

Petitioner Adrian Lopez Santiago, a native and citizen of El Salvador, timely petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal of an immigration judge's ("IJ") decision that denied his

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") and found that Petitioner abandoned his application for Temporary Protected Status ("TPS"). We review de novo legal conclusions and review for substantial evidence factual findings. Bringas-Rodriguez v. Sessions, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). We deny the petition.

1. Substantial evidence supports the IJ's adverse credibility finding. The BIA properly applied pre-REAL ID Act credibility standards because of the filing date of Petitioner's initial application for relief. Therefore, to support an adverse credibility finding, identified inconsistencies and omissions must go "to the heart" of the claim. See, e.g., Singh v. Gonzales, 439 F.3d 1100, 1108 (9th Cir. 2006), overruled on other grounds by Maldonado v. Lynch, 786 F.3d 1155, 1164 (9th Cir. 2015) (en banc); cf. Alam v. Garland, 11 F.4th 1133, 1135–36 (9th Cir. 2021) (en banc) (noting that the REAL ID Act eliminated the requirement that inconsistencies and omissions go to the heart of the claim). Several of the grounds on which the IJ and the BIA relied to support the adverse credibility finding meet that standard.

First, Petitioner's testimony was inconsistent concerning whether he received any telephoned threats from the Farabundo Martí National Liberation Front ("FMLN") and concerning the number of times his mother received threats. Those inconsistencies go the heart of Petitioner's claim: the extent of alleged harm from the FMLN and Petitioner's fear of their continued interest in

2

him are "central to [P]etitioner's version of why he was persecuted and fled."

Singh, 439 F.3d at 1108.

In addition, the agency permissibly relied on Petitioner's submission of a false asylum application made under his brother's name in 1996. See Singh v. Holder, 638 F.3d 1264, 1272 (9th Cir. 2011) (holding that presentation of fraudulent documents when a petitioner was safely in the United States sufficed to support an adverse credibility finding).

Third, Petitioner testified that FMLN members shot at him four times, but he omitted those events from his asylum applications. The agency permissibly relied on those omissions because they, too, go to the heart of Petitioner's claim, are non-trivial, and would bolster the claim of past persecution. See Zamanov v. Holder, 649 F.3d 969, 974 (9th Cir. 2011) (ruling that the earlier omission of incidents that "would have added great weight" to the claim is a permissible reason to doubt a petitioner's credibility).

The IJ was not obliged to accept Petitioner's explanations for the inconsistencies, the submission of a false document, and the omissions. See Kin v. Holder, 595 F.3d 1050, 1057–58 (9th Cir. 2010) (upholding an adverse credibility determination when the petitioner's "explanation [was] not persuasive enough to compel the conclusion that the omissions were immaterial").

Even if we were to apply the post-REAL ID Act standard and consider the "totality of the circumstances," Alam, 11 F.4th at 1135, we would conclude

3

that substantial evidence supports the adverse credibility finding. Accordingly, Petitioner's claims for asylum and withholding of removal fail.

2. With respect to the CAT claim, the non-testimonial evidence in the record, to the extent that it exists, does not compel a finding that Petitioner is eligible for CAT protection. See Farah v. Ashcroft, 348 F.3d 1153, 1156–57 (9th Cir. 2003) (rejecting a CAT claim where the petitioner "point[ed] to no other evidence" than "the same statements" that were deemed not credible).

3. The BIA did not abuse its discretion by denying Petitioner's request to reinstate his application for Temporary Protected Status, which his counsel had withdrawn. The IJ reasonably determined that Petitioner's counsel abandoned the TPS application at the merits hearing in October 2018. Thus, we review for abuse of discretion the BIA's denial of Petitioner's request to reinstate his TPS application. See Mendez-Gutierrez v. Ashcroft, 340 F.3d 865, 869 (9th Cir. 2003) (analogizing a request to reinstate an asylum application to a motion to reopen and reviewing for abuse of discretion). The BIA acted within its discretion to conclude that Petitioner was bound by his counsel's strategic choices. See Magallanes-Damian v. INS, 783 F.2d 931, 934 (9th Cir. 1986) ("Petitioners are generally bound by the conduct of their attorneys, including admissions made by them, absent egregious circumstances."); Matter of Velasquez, 19 I. & N. Dec. 377, 382 (BIA 1986) (expressing the same principle).

**PETITION DENIED. The stay of removal remains in place until the**

4

**mandate issues.**