NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0292n.06
Filed: April 18, 2005

No. 04-3059

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| DAVINDER SINGH GILL, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | On Petition for Review of an |
| | ) | Order of the Board of |
| ALBERTO GONZALES, Attorney General of the United | ) | Immigration Appeals |
| States, | ) | |
| | ) | |
| *Respondent*. | | |

Before:     **BOGGS, Chief Judge; COOK, Circuit Judge; and BRIGHT, Circuit Judge.**[*]

**PER CURIAM**.  Petitioner Davinder Singh Gill urges this court to reverse the order

of Immigration Judge Elizabeth Hacker (the "IJ") denying adjustment of Gill's status as

inadmissibile.  Gill also argues that the Board of Immigration Appeals erred by disposing of his case

through summary affirmance, and that his due process rights were violated because he was denied

a full and fair hearing.  For the reasons stated below, we affirm.

**I**

Gill is a native and citizen of India.  On November 19, 1995, he entered the United States

and filed for asylum.  Prior to his asylum hearing, he requested, and was granted, voluntary

---

[*]The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit,
sitting by designation.

departure.  Gill then departed in late 1998.  Gill reentered the country without inspection around

October or November of 1998.  He did not apply for permanent residency status[2] and a waiver for

reentry without inspection until June 1999, thereby accruing more than 180 days of unlawful

presence.

On May 16, 2001, the former Immigration and Naturalization Service ("INS") denied both

applications.  In the order, the INS stated that to be eligible for adjustment of status an alien must

be "admissible to the United States for permanent residence."  The INS concluded that Gill was

inadmissible under 8 U.S.C. § 1182(a)(9)(B)(i),[3] because he had accrued more than 180 days of

unlawful presence, and also found that he was ineligible for a waiver under 8 U.S.C. §

1182(a)(9)(B)(v)[4] because he had not established hardship to his citizen spouse.  Accordingly, on

---

[2]Gill's wife had been granted citizenship in April 1999, which would normally make him automatically eligible for permanent residency.

[3] 8 U.S.C. § 1182(a)(9)(B)(i) reads, in pertinent part:

Any alien (other than an alien lawfully admitted for permanent residence) who--

(I) *was unlawfully present in the United States for a period of more than 180 days but less than 1 year*, voluntarily departed the United States (whether or not pursuant to section 1254a(e) of this title) prior to the commencement of proceedings under section 1225(b)(1) or section 1229(a) of this title, and again seeks admission within 3 years of the date of such alien's departure or removal, or

. . . .
is inadmissible.

(emphasis added).

[4]8 U.S.C. § 1182(a)(9)(B)(v) reads:

The Attorney General has sole discretion to waive clause (i) in the case of an immigrant who is the spouse or son or daughter of a United States citizen or of an alien lawfully admitted for permanent residence, if it is established to the satisfaction of the Attorney

August 31, 2001, the INS issued a Notice to Appear in immigration court, charging Gill with removability under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled.

At his May 3, 2002, hearing, Gill admitted the factual allegations and conceded the charge of removability. Gill then requested adjustment of status. The IJ noted that Gill stated he was granted voluntary departure in a proceeding in 1998.[5] The IJ asked if Gill was therefore subject to the ten-year bar (implicitly referencing 8 U.S.C. § 1182(a)(9)(B)(i)). Gill's counsel conceded that he was barred,[6] but noted that he had appealed the INS's denial of waiver to the Administrative Appeals Unit of the INS ("AAU").

Gill's counsel asked the IJ to review the denial of his waiver. The IJ stated that she lacked jurisdiction to review the INS's denial of waiver, and that the appropriate venue was the AAU. Gill's counsel then conceded that the IJ lacked jurisdiction to review the waiver. Gill asked for a continuance of the IJ's proceedings while the appeal was pending, noting that he had additional information showing extreme hardship – the serious illness of Gill's citizen children. The IJ denied the motion for continuance, noting that it was untimely under rules requiring that a motion for continuance be filed 120 days in advance of a scheduled hearing. The IJ also noted that the

General that the refusal of admission to such immigrant alien would result in extreme hardship to the citizen or lawfully resident spouse or parent of such alien. No court shall have jurisdiction to review a decision or action by the Attorney General regarding a waiver under this clause.

[5]The 1998 order was granted to "Satnam Singh,"which Gill's counsel claimed was part of Gill's long name.

[6]Actually, Gill was subject to the three-year bar for between 180 days and one year of unlawful presence under the statute.

additional information of alleged hardship had been known to Gill at the time the original request for a waiver was submitted to the INS, although apparently Gill's counsel had just learned of it. The IJ gave Gill 120 days to reopen his case if his appeal to the AAU was resolved favorably.[7]

Gill appealed to the Board. On December 15, 2003, the Board affirmed without opinion, pursuant to the summary affirmance procedures in 8 CFR § 1003.1(e)(4).

## II

Gill raises three claims before this court: 1) the IJ should have adjusted his status to admissible, 2) the removal proceedings violated his due process rights, and 3) his case did not meet the criteria for summary affirmance by the BIA. His first claim is actually two distinct claims. First, he argues that he was not inadmissible under 8 U.S.C. § 1182(a)(9)(B)(i) and therefore should have been granted an adjustment of status. Second, he argues that the IJ erred when she concluded that she lacked the jurisdiction to grant him a waiver of inadmissibility for hardship to his citizen spouse pursuant to 8 U.S.C. § 1182(a)(9)(B)(v).

## A

Gill makes two related claims regarding the denial of his request for adjustment of status. First, he argues that he is eligible for an adjustment of status because he was not inadmissible under 8 U.S.C. § 1182(a)(9)(B)(i). This argument fails because Gill is bound by his counsel's concession before the IJ that his client was inadmissible.

Gill's counsel conceded before the district court that Gill was inadmissible based on his unlawful presence in the United States, arguing only that he was eligible for a waiver of

---

[7]There is no further mention, in our record, of this administrative appeal.

No. 04-3059

inadmissibility:

> [Gill's counsel]: . . . We did file – currently we have an appeal with AAU and a motion to reconsider with INS of a waiver on the grounds that he was not here for more than 180 days illegally prior to departure.[8]
> Judge: So there is a 10 year bar here?[9]
> [Gill's counsel]: Yes, your honor.
> Judge: So he's not in fact eligible for adjustment? When were you going to bring this forward? What other relief do you wish, counsel?
> [Gill's counsel]: Your Honor, we've had similar cases before you where Your Honor reviewed the waiver of inadmissibility. He's got two U.S. citizen children who are very, very ill.

The IJ went on to conclude that there was no legal basis for her to review the INS's denial of the waiver of inadmissibility. Gill's only claim before the IJ was that the INS wrongly denied his request for a waiver, and Gill's counsel conceded inadmissibility.

Although we have never ruled on this specific question in the context of a removal proceeding, other courts have held that petitioners are bound by the concessions of their attorneys to the IJ unless they can show ineffective assistance of counsel or some other egregious circumstances. *Ali v. Reno*, 22 F.3d 442, 446 (2nd Cir. 1994) (finding that appellant is bound by attorney's concession that a proper answer had not been filed within the time allotted, and citing *In re Velasquez*, 19 I. & N. Dec. 377, 382 (BIA 1986) ("Absent egregious circumstances, a distinct and formal admission made before, during, or even after a proceeding by an attorney acting in his professional capacity binds his client as a judicial admission.")); *Magallanes-Damian v. INS*, 783

---

[8]The INS found Gill inadmissible because he was unlawfully present for more than 180 days *after* returning without inspection in October/November 1998, and properly found it irrelevant that he had not been here for more than 180 unlawfully *before* he departed.

[9]This appears to be a misstatement by the IJ. The bar for having between 180 days and 1 year of unlawful presence is 3 years. 8 U.S.C. § 1182(a)(9)(B)(i)(I) (text *supra* at n.2).

No. 04-3059

F.2d 931, 934 (9th Cir. 1986) ("Petitioners are generally bound by the conduct of their attorneys, including admissions made by them, absent egregious circumstances."). This rule is sensible. Were it otherwise, an IJ could never rely on the statements and representations of counsel. We therefore find that the concession by Gill's counsel bars him from pursuing this claim.

Next, Gill claims the IJ erred by concluding she lacked jurisdiction to consider his application for waiver of inadmissibility. We may review the final order of removal only if the alien has exhausted all the administrative remedies available. 8 U.S.C. § 1252(d)(1); *Ramani v. Ashcroft*, 378 F.3d 554, 560 (6th Cir. 2004) ("[W]e hold that only claims properly presented to the BIA and considered on their merits can be reviewed by this court in an immigration appeal."). Therefore this claim is barred because Gill failed to raise it before the Board.

Before the Board, Gill argued that his application for change of status should be granted on the merits because he has properly applied for an adjustment of status. He argued below that "[b]y submitting the appropriate documentation, he was *prima facie* eligible to adjust status not withstanding his unlawful entry."[10] Gill does not renew this "*prima facie* eligible" argument before us. Instead, he argues that the IJ made a jurisdiction error by concluding she lacked jurisdiction to

_____

[10] Although we are not reviewing this argument on its merits, it is wrong. The relevant provision (which Gill quotes in part) goes on to state:

(2) Upon receipt of such an application and the sum hereby required, the Attorney General may adjust the status of the alien to that of an alien lawfully admitted for permanent residence if–

(A) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence . . . .

8 U.S.C. § 1255(i). Thus, the application "may" be granted if the alien is admissible, but Gill did not show the Board any reason why rejecting his application was an error.

- 6 -

review his application for waiver.[11]

These are different claims; to argue that he is "*prima facie* eligible" for adjustment of status on the merits is not the same as arguing that the IJ erred by concluding she lacked the jurisdiction to hear his request for waiver. Before the Board, Gill did not argue that the IJ made a jurisdictional error. Indeed, he did not mention her jurisdictional finding. Because Gill failed to raise this claim below, we may not consider it now.

**B**

Gill claims that his due process rights were violated because he was not permitted to speak at his hearing, because the IJ denied the application for adjustment of status without making a factual determination of whether waiver was warranted, and because it concluded it did not have jurisdiction over the waiver request.

This claim is waived, however, because Gill failed to raise it before the Board. Although we have never expressly ruled on this issue, several of our sister circuits have held that when due process claims involve procedural errors correctable by the Board, those claims must be raised in the administrative appeal. *United States v. Gonzalez-Roque*, 301 F.3d 39, 47-49 (2nd Cir. 2002) ("[w]hile constitutional claims lie outside the Board's jurisdiction, it clearly can address procedural defects in deportation proceedings"); *Capric v. Ashcroft*, 355 F.3d 1075, 1087 (7th Cir. 2004) (when a due process claim involves "procedural errors correctable by the Board, applicants must raise such claims as part of their administrative appeal"); *Agyeman v. INS*, 296 F.3d 871, 877 (9th Cir. 2002) ("we may not entertain due process claims based on correctable procedural errors unless the alien

---

[11]More specifically, his application for waiver due to the hardship to his citizen children, pursuant to 8 U.S.C. § 1182(a)(9)(B)(v).

raised them below"). *See also Csekinek v. INS*, 391 F.3d 819, 824 (6th Cir. 2004) (factual issues must be exhausted before the Board even if they are part of a due process claim). Gill raised no due process claim below and, moreover, his claim regarding the IJ's rejection of his waiver simply duplicates his first claim under the due process rubric.

## C

Gill claims the Board erred by handling his case through the summary affirmance procedure. Regulations in place at the time of the Board's decision permit summary affirmance, without opinion, if a single Board member determines that the result reached in the decision under review was correct, that any errors in the decision under review were harmless or nonmaterial, and that:

> (A) the issue on appeal is squarely controlled by existing Board or federal court precedent and does not involve the application of precedent to a novel fact situation; or (B) the factual and legal questions raised on appeal are so insubstantial that three-Member review is not warranted.

8 C.F.R. § 1003.1(a)(7)(ii) (2003). Gill argues that because he IJ erred and because the issues he presented were not insubstantial, he should have been referred to a three judge panel of the Board.

In *Denko v. INS*, 351 F.3d 717 (6th Cir. 2003), we held that it does not violate due process for the Board to summarily affirm an IJ without opinion. In *Denko* we "assumed without deciding" that it was proper for us to review whether a case was appropriate for summary affirmance, but did not reach the issue because we concluded that summary affirmance was warranted under the standards set out in 8 C.F.R. § 1003.1(a)(7). *Ibid*. The majority position among other circuits is that we may review whether a case is appropriate for summary affirmance, consistent with *Denko*'s dicta. *Smriko v. Ashcroft*, 387 F.3d 279, 294-95 (3rd Cir. 2004) (holding that they may review the Board's decision to summarily affirm, and collecting cases holding the same from the First, Ninth, and Tenth

No. 04-3059

Circuits). *But see Ngure v. Ashcroft*, 367 F.3d 975, 987 (8th Cir. 2004) (holding that the decision to summarily affirm is committed to agency discretion and may not be reviewed).

As in *Denko*, we reject this claim because even if we assume, *arguendo*, that Gill may challenge the Board's decision to exercise its summary affirmance procedure, that challenge fails. The Board properly exercised its summary affirmance procedure because the factual and legal issues Gill raised on appeal were without merit, and did not present substantial or novel issues.

**III**

For the reasons set forth above, we **AFFIRM** the Board's denial of Gill's appeal.