**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 14a0426n.06

No. 13-4079

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jun 11, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| DEVINDERJIT SINGH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

BEFORE: GRIFFIN and DONALD, Circuit Judges; GRAHAM, District Judge.[*]


PER CURIAM. Devinderjit Singh, a native and citizen of India, petitions this Court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an immigration judge's (IJ) decision ordering his removal from the United States.

In 2005, Singh was admitted to the United States as the unmarried son of a lawful permanent resident; he adjusted his status to lawful permanent resident at the time of entry. Thereafter, in 2008, Singh entered a no-contest plea in Michigan state court to receiving and concealing stolen property with a value of $1,000 or more but less than $20,000, in violation of Michigan Compiled Laws section 750.535. The Department of Homeland Security (DHS) subsequently served Singh with a notice to appear, charging him with removability under section

---

[*] The Honorable James L. Graham, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

237(a)(2)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(i), as having been convicted of a crime involving moral turpitude (CIMT) committed within five years after admission for which a sentence of one year or longer may be imposed.

At the initial hearing before the IJ, Singh admitted the factual allegations set forth in the notice to appear and conceded removability. The IJ continued the case at Singh's request, pending his attempt to obtain post-conviction relief in the Michigan state courts under *Padilla v. Kentucky*, 559 U.S. 356 (2010). Singh's motion to withdraw his no-contest plea was denied by the trial court, and the Michigan Court of Appeals denied leave to appeal. The IJ ultimately ordered Singh's removal to India, stating that Singh had conceded removability and that, even without the concession, the conviction record established a removable offense. Singh appealed the IJ's decision to the BIA. Dismissing the appeal, the BIA agreed with the IJ that Singh had conceded removability and declined to address any other issues.

In support of his petition for review, Singh contends that his attorney withdrew the concession of removability. Singh admits that his attorney conceded removability at the initial hearing. The following exchange took place at the final hearing before the IJ:

> JUDGE TO MR. CARPENTER [Singh's Attorney]
>     Now my notes indicate that you've conceded that he's removability [sic] pursuant to the charge.
>
> MR. CARPENTER TO JUDGE
>     I believe we admitted the allegations, but denied the ground of removability. That's what my notes show.
>
> JUDGE TO MR. CARPENTER
>     You want to contest the ground of removability?
>
> MR. CARPENTER TO JUDGE
>     We'll leave the Government to their proofs.
>
> MR. GOULDING [DHS's Attorney] TO JUDGE

> My notes reflect that there was a concession on January 10th of this year, a concession as to removability and then admission as to the allegations.
>
> MR. CARPENTER TO JUDGE
> I don't know that it matters much. It's a theft charge. So it's all about the $500 over statutory ground.

(AR 94-95). When confronted with the fact that he had conceded removability, Singh's counsel merely stated, "I don't know that it matters much." The record does not compel the conclusion that Singh's attorney withdrew the concession of removability. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary[.]").

"In a removal proceeding, 'petitioners are bound by the concessions of their attorneys to the IJ unless they can show ineffective assistance of counsel or some other egregious circumstances.'" *Hanna v. Holder*, 740 F.3d 379, 387 (6th Cir. 2014) (quoting *Gill v. Gonzales*, 127 F. App'x 860, 862-63 (6th Cir. 2005)). To establish egregious circumstances, the alien must argue that the attorney's concession is incorrect, and that argument must be supported by the record. *Id*. at 387-88. There are two types of egregious circumstances that may justify relieving an alien of his admissions before an IJ. First are "admissions that were the result of unreasonable professional judgment." *Id.* at 388 (quoting *Matter of Velasquez*, 19 I. & N. Dec. 377, 383 (BIA 1986)) (internal quotation marks omitted). Second are admissions that "would produce[ ] an unjust result," such as inadvertent admissions and admissions that an intervening change in law undercuts. *Id*. (quoting *Velasquez*, 19 I. & N. Dec. at 383).

Singh argues that his attorney's concession of removability is incorrect because Michigan Compiled Laws section 750.535 is not categorically a CIMT and because the modified categorical approach does not identify which portion of this divisible statute he was convicted of violating. Under Michigan Compiled Laws section 750.535(1), "[a] person shall not buy,

receive, possess, conceal, or aid in the concealment of stolen, embezzled, or converted money, goods, or property knowing, or having reason to know or reason to believe, that the money, goods, or property is stolen, embezzled, or converted." A violation of this statute is a felony punishable by imprisonment for not more than five years if the property has a value of $1,000 or more but less than $20,000. Mich. Comp. Laws § 750.535(3)(a). The amended information tracks the statutory language, alleging that Singh "did buy, receive, possess, conceal, or aid on [sic] the concealment of liquor and baby formula, stolen, embezzled, or converted property, knowing or having reason to know or reason to believe that the property was stolen, embezzled, or converted, and the value of the property was $1,000.00 or more but less than $20,000.00; contrary to MCL 750.535(3)(a)." (AR 103).

Singh first asserts that he should not be bound by his attorney's concession because the above-quoted exchange among the attorneys and the IJ reflects that his attorney did not mean to concede removability. Singh's attorney unequivocally conceded removability at the initial hearing before the IJ and, when confronted with that fact, did not withdraw that concession or otherwise indicate that the concession was mistaken: "I don't know that it matters much." Singh also contends that a concession of removability would have undermined counsel's strategy of seeking to continue the proceedings to pursue post-conviction relief in state court. After conceding removability, Singh's attorney requested a continuance to pursue post-conviction relief, stating his intent to move for termination of the removal proceedings upon Singh's plea to a lesser, non-removable offense (i.e., property value below the felony threshold amount). The record indicates that counsel's concession of removability was a reasonable tactical decision and was not inadvertent.

Next, Singh contends that counsel's concession of removability is no longer valid in light of the Supreme Court's intervening decisions in *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013), and *Descamps v. United States*, 133 S. Ct. 2276 (2013), which, he asserts, altered the agency framework for determining whether a conviction is properly classified as a CIMT. But, as the Supreme Court noted in *Moncrieffe*, the "categorical approach has a long pedigree in our Nation's immigration law." 133 S. Ct. at 1685. This Court's most recent published decision addressing whether a crime involved moral turpitude did not cite either *Moncrieffe* or *Descamps*. *See Hanna*, 740 F.3d at 389-93. Singh thus has not shown an intervening change in law undercutting counsel's concession of removability.

Singh has failed to demonstrate egregious circumstances to warrant relieving him from counsel's concession of removability. Accordingly, we deny Singh's petition for review.