11-3019-ag
Hulse v. Holder

BIA
Nelson, IJ
A096 774 672

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of May, two thousand twelve.

PRESENT:
>> JON O. NEWMAN,
>> ROBERT A. KATZMANN,
>> DENNY CHIN,
>> *Circuit Judges.*

_____

OLGA HULSE, AKA OLGA KUKUEVA,
AKA OLGA ANTON,
>> *Petitioner,*

>> v.                                    11-3019-ag
>>                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>> *Respondent.*

_____

FOR PETITIONER:        Natalia Skvortsova, Brooklyn, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; David V. Bernal, Assistant Director; Colette J. Winston, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Olga Hulse, a native of the Republic of Kalmykia and a citizen of Russia, seeks review of a June 30, 2011, decision of the BIA denying her motion to reopen and affirming the March 3, 2009, decision of Immigration Judge ("IJ") Barbara A. Nelson denying her application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Olga Hulse*, No. A096 774 672 (B.I.A. June 30, 2011), *aff'g* No. A096 774 672 (Immig. Ct. N.Y. City March 3, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the IJ's decision as supplemented and modified by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Chuilu Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009).

**I.  Withholding of Removal and CAT Relief**

Under the REAL ID Act of 2005, if the IJ is not satisfied that the applicant's testimony is credible, she may require the applicant to provide corroborating evidence.  *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Chuilu Liu*, 575 F.3d at 197-98 & n.5 ("a failure to corroborate can suffice, without more, to support a finding that an alien has not met his burden of proof").  We will not disturb such a determination unless "a reasonable trier of fact [would be] compelled to conclude that such corroborating evidence is unavailable."  8 U.S.C. § 1252(b)(4).

In this case, the agency was not unreasonable in requiring corroborating evidence regarding Hulse's claim of past persecution, as she provided no evidence other than her own testimony regarding her political activities, detention, and beatings by the Elista police in Kalmykia.  Further, the agency identified the pieces of corroborating evidence that Hulse should have presented to corroborate her claim, specifically, affidavits from her family, friends and colleagues.  *See Diallo v. INS*, 232 F.3d 279, 290 (2d Cir. 2000).  Although Hulse now argues that the affidavits were not reasonably available to her, she testified that her family or

3

friends "probably" would have provided such affidavits had she asked them to.  (ROA 382).

The agency correctly noted that the only corroborating evidence Hulse did provide – the medical records from the two hospitalizations she claimed were the result of altercations with the Elista police – did not support her claim that she was injured on account of her political activities, as her medical records reflected that she had been injured in "domestic trauma."[1]  Consequently, substantial evidence supports the agency's determination that Hulse could reasonably have provided corroborating evidence and that her testimony alone could not establish past persecution on account of her political activities.  *See* 8 U.S.C. § 1252(b)(4); *Chuilu Liu*, 575 F.3d at 196-99; *Diallo*, 232 F.3d at 290.

If an applicant fails to show past persecution, removal may still be withheld if the applicant can show that she has "a well-founded fear of future persecution" on account of race, religion, nationality, or membership in a particular

---

[1]  Hulse testified that she told the hospital personnel that she had been "beaten up in the police precinct," but the hospital personnel told her she had "to say something different" or she would not be admitted.  (ROA 379-80).  The record, however, contains no evidence corroborating this account.

4

group. *See Shi Jie Ge v. Holder*, 588 F.3d 90, 96 (2d Cir. 2009); 8 C.F.R. § 1208.16(b)(2). An applicant may establish well-founded fear of future persecution by "prov[ing] the existence of 'a pattern or practice in his or her country of nationality . . . of persecution of a group of persons similarly situated to the applicant' . . . and . . . establish[ing] 'his or her own inclusion in, and identification with, such [a] group.'" *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 564 (2d Cir. 2006) (quoting 8 C.F.R. § 208.13(b)(2)(iii)).

Hulse argues that she has a well-founded fear of future persecution in Russia because, as a Kalmyk, she is a non-Slavic minority. Hulse argues that the testimony of her expert witness, Igor Kotler, demonstrates that non-Slavic minorities are subject to persecution in Russia. Although Kotler described the harassment and mistreatment of non-Slavic minorities in Russia and testified that Kalmyks may "face racism," he did not testify that Kalmyks are singled out for persecution. (ROA 331-33). Indeed, nothing in his testimony compels the conclusion that adverse treatment of Kalmyks was sufficiently "systemic or pervasive" to establish a pattern or practice of persecution. *See In re A-M-*, 23 I. & N. Dec. 737,

741 (BIA 2005); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 154, 163-66 (2d Cir. 2008). Accordingly, absent "solid support" in the record that her fear is objectively reasonable, Hulse's claim that she fears future persecution is "speculative at best." *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

While Hulse argues that she will be tortured if she returns to Russia, because her claim for CAT relief rests on the same factual predicate as her withholding claim, and the agency reasonably denied her application for withholding of removal, her CAT claim necessarily fails. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

**II. Attorney's Admission**

Hulse argues that the BIA abused its discretion in denying her motion to reopen and binding her to her attorney's admission that she had procured or sought to procure a visa or other benefit by fraud or by wilfully misrepresenting a material fact, specifically that she had entered into a fraudulent marriage in order to obtain adjustment of status. The BIA, however, did not abuse its discretion in denying her motion to reopen, as Hulse failed to demonstrate that she should not be bound by her counsel's admissions. Generally,

6

an alien in removal proceedings is bound by the admissions of his or her freely-retained counsel. *See, e.g., Ali v. Reno*, 22 F.3d 442, 446 (2d Cir. 1994). In *Matter of Velasquez*, 19 I. & N. Dec. 377, 382 (BIA 1986), the BIA held that, "[a]bsent egregious circumstances, a distinct and formal admission made before, during, or even after a proceeding by an attorney acting in his professional capacity binds his client as a judicial admission. Thus, when an admission is made as a tactical decision by an attorney in a deportation proceeding, the admission is binding on his alien client and may be relied upon as evidence of deportability." This Court has observed that, "[w]here . . . an IJ accepts a concession of removability from retained counsel and that concession is not contradicted by the record evidence, the circumstances are not 'egregious' in any respect. To the contrary, the acceptance by an IJ of a plausible concession of removability is an unremarkable feature of removal proceedings." *Hoodho v. Holder*, 558 F.3d 184, 192 (2d Cir. 2009).

Here, the concession made by Hulse's counsel that she had procured or sought to procure a benefit by entering into a fraudulent marriage is not contradicted by the record evidence. *See id*. Although Hulse argues that she submitted

7

documents proving that she and her former husband, a United States citizen, entered into a genuine marriage, none of those documents overcome the statement from Hulse's former husband that the marriage was not genuine, that he had entered into it "for the money," and that it was never consummated. Accordingly, nothing in the record compels the conclusion that the IJ's acceptance of counsel's admission of the fraud allegation constituted "egregious circumstances" such that Hulse should not be bound by the admission. *See Matter of Velasquez*, 19 I. & N. Dec. 377, 382 (BIA 1986).

Hulse additionally argues that the BIA erred in binding her to counsel's admission because the admission constituted unreasonable professional judgment by her counsel, and produced an unjust result. Absent further evidence – such as an affidavit from her former counsel regarding the admission – nothing in the record demonstrates that her counsel's admission was the result of the unreasonable exercise of professional judgment, rather than a tactical decision, or that the admission produced an unjust result. *See id*.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition

8

is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk