Perez-Barrios v. Holder

BIA
Rocco, IJ
A087 947 586

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of September, two thousand fourteen.

PRESENT:
> PIERRE N. LEVAL,
> REENA RAGGI,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

SALVADOR PEREZ-BARRIOS, AKA SALVDOR
PEREZ-BARRIOS,
> *Petitioner,*

> v.                                    12-5052
>                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Ronald D. Richey, Rockville,
                       Maryland.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Stephen J. Flynn, Assistant

**Director; Karen Y. Stewart, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and in part GRANTED.

Salvador Perez-Barrios, a native and citizen of El Salvador, seeks review of a November 28, 2012, decision of the BIA that: (1) affirmed the January 26, 2011, decision of Immigration Judge ("IJ") Michaelangelo Rocco, denying his request to withdraw his counsel's concession of removability and terminate removal proceedings; and (2) rejected as defective his motion to remand to apply for asylum and related relief. *In re Salvador Perez-Barrios*, No. A087 947 586 (B.I.A. Nov. 28, 2012), *aff'g* No. A087 947 586 (Immig. Ct. Buffalo Jan. 26, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

**A.   Concession of Removability**

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008)(quotation marks omitted). The

2

applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

An alien in removal proceedings is bound by the admissions of freely retained counsel absent "egregious circumstances."  *Hoodho v. Holder*, 558 F.3d 184, 192 (2d Cir. 2009) (quoting *Matter of Velasquez*, 19 I. & N. Dec. 377, 382 (B.I.A. 1986)).  This Court has provided that when "an IJ accepts a concession of removability from retained counsel and that concession is not contradicted by the record evidence, the circumstances are not 'egregious' in any respect.  To the contrary, the acceptance by an IJ of a plausible concession of removability is an unremarkable feature of removal proceedings."  *Id.*  "That, in hindsight, it might have been preferable for an alien to have contested removability, rather than to have conceded it, does not constitute 'egregious circumstances.'"  *Id.* at 193.

Here, counsel's concession of removability is not contradicted by the record.  Indeed, counsel sought to withdraw his concession as part of a change in legal tactic, not to correct an error.  Moreover, contrary to Perez-Barrios's contention, the IJ's acceptance of his counsel's

3

concession of removability did not prevent him from seeking relief from removal before the IJ (he applied for voluntary departure only).  In the absence of egregious circumstances, the agency did not err in finding Perez-Barrios bound by his attorney's concession of removability.  *See Hoodho*, 558 F.3d at 192-93; *see also Matter of Velasquez*, 19 I. & N. Dec. at 382-83.  Accordingly, we deny the petition for review to this extent.

**B.   Motion to Remand**

"We review the BIA's denial of a motion to remand for consideration of new evidence for abuse of discretion, and will find such abuse if 'the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.'" *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 157 (2d Cir. 2005) (quoting *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted)).

Here, the BIA rejected Perez-Barrios's motion to remand because it was filed by an attorney other than the attorney

4

of record who filed his appeal. The BIA explained that Perez-Barrios was permitted only one representative of record at any given time. The BIA's ruling departed without explanation from the stated policy in section 2.3(f) of the BIA Practice Manual that an alien may be represented before the BIA by more than one attorney at a time. *See Li Yong Cao*, 421 F.3d at 157. Accordingly, we grant Perez-Barrios's petition for review to this extent.

For the foregoing reasons, the petition for review is DENIED in part and in part GRANTED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk