[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12212
Non-Argument Calendar
_____

Agency No. A087-187-598

FRANCISCO NUNES DE SALES,
a.k.a. Francisco Nunes,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(February 28, 2019)

Before MARCUS, WILLIAM PRYOR and GRANT, Circuit Judges.

PER CURIAM:

Francisco Nunes De Sales seeks review of the decision of the Board of

Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") order

finding him removable for procuring an adjustment of status by fraud, pursuant to

the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(1)(A).  De Sales argues that: (1) the IJ and BIA violated his due process rights by allowing the sworn statement of his ex-wife into evidence without bringing her as a witness so he could cross-examine her; and (2) the BIA did not have substantial evidence drawn from the record to support his removal.  After thorough review, we deny the petition.

Generally, we review the BIA's decision as the final agency decision.  Ruiz v. Gonzales, 479 F.3d 762, 765 (11th Cir. 2007).  However, where the BIA adopts the IJ's reasoning, we also review the decision of the IJ to the extent of that agreement.  Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1350 (11th Cir. 2009).

We review de novo constitutional challenges, including due process violations.  Lapaix v. U.S. Att'y Gen., 605 F.3d 1138, 1143 (11th Cir. 2010) (per curiam).  We review factual determinations, including findings of removability, for substantial evidence.  Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004).  Under the substantial evidence test, we view the record in the light most favorable to the agency's decision, drawing all reasonable inferences in favor of that decision.  Id. at 1027.  Accordingly, we must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole.  Id.  Put differently, the decision of the BIA and IJ can only be reversed if the evidence compels a reasonable fact finder to find otherwise.  Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1230-31 (11th Cir. 2008) (per curiam).

2

First, we are unpersuaded by De Sales's due process claim.  Petitioners in removal proceedings are entitled to Fifth Amendment protections to assure that they are "given notice and an opportunity to be heard."  Lapaix, 605 F.3d at 1143.  To prove a due process violation, the petitioner must show that he was "deprived of liberty without due process of law and that the purported errors caused [him] substantial prejudice."  Alhuay v. U.S. Att'y Gen., 661 F.3d 534, 548 (11th Cir. 2011) (per curiam) (quotations omitted).  To establish substantial prejudice, the petitioner must show that, "in the absence of the alleged violations, the outcome of the proceeding would have been different."  Id. (quotations omitted).

"When considering the fairness of admitting hearsay," we look to "the challenged evidence's reliability and trustworthiness."  Indrawati v. U.S. Att'y Gen., 779 F.3d 1284, 1299 (11th Cir. 2015).  Within the immigration context, we've "not yet recognized anything resembling a right to confrontation rooted in the Due Process Clause."  Id. at 1300 n.23.  Evidence in deportation proceedings "need only be probative and its use fundamentally fair, so as not to deprive an alien of due process of law."  Matter of Velasquez, 19 I&N Dec. 377, 380 (BIA 1986).

Here, the IJ and BIA properly admitted as evidence the sworn statement of De Sales's ex-wife, Olga Puerto Hurtado, despite De Sales's claim that his due process rights were violated because he was not able to cross-examine her.  For starters, we've never recognized a right to confrontation in the removability context.

3

Indrawati, 779 F.3d at 1300 n.23.  Moreover, the record reveals that Hurtado's sworn statement was reliable, trustworthy, probative and fair.  Id. at 1299; Velasquez, 19 I&N at 380.  As the IJ found, the sworn statement had "significant" probative weight (it spoke directly to the bona fide nature of De Sales's marriage), and it was reliable and trustworthy (Hurtado made a statement against her interest by admitting to a crime).

De Sales further argues that the IJ impermissibly shifted the burden to him by finding that the government did not need to call Hurtado as a witness and that De Sales himself could have called her, but we disagree.  As De Sales admits in his briefs, the government had originally listed Hurtado as a witness before removing her as a witness, which means that De Sales had notice that she could play a role in the case.  The record also reflects that De Sales also had notice that it was her sworn statement that provided the grounds for his case, and that the IJ indicated that he would have allowed De Sales to call her as his witness.

Overall, the proceedings before the IJ plainly provided De Sales with sufficient notice and opportunity to be heard regarding his claims -- he was represented by counsel, and he was given an opportunity to bring evidence to his defense, to testify on his behalf, and to cross-examine the officer who obtained the sworn statement.  See Lapaix, 605 F.3d at 1143.  Thus, because De Sales had notice and the opportunity to call Hurtado, and because Hurtado's statement was against

4

her penal interest and highly probative, De Sales was not deprived of due process. Indrawati, 779 F.3d at 1299; Velasquez, 19 I&N at 380.

We are also unconvinced by De Sales's claim that the BIA's removal decision was not supported by substantial evidence. An alien is deportable if he is inadmissible at the time of his adjustment of status for engaging in fraud or willfully misrepresenting a material fact. 8 U.S.C. §§ 1227(a)(1)(A), 1182(a)(6)(C)(i). The government bears the burden to establish through clear and convincing evidence that the alien is deportable. 8 U.S.C. § 1229a(c)(3)(A); 8 C.F.R. § 1240.8(a).

The "civil nature" of removal proceedings eliminates the "provision which forbids drawing an adverse inference from the fact of standing mute." Immigration & Naturalization Serv. v. Lopez-Mendoza, 468 U.S. 1032, 1043-44 (1984) (quotation omitted). When confronted with evidence against him, "a respondent who remains silent may leave himself open to adverse inferences, which may properly lead in turn to a finding a deportability against him." Matter of Guevara, 20 I&N Dec. 238, 241 (BIA 1990).

In this case, the BIA properly relied on reasonable, substantial, and probative evidence from the record as a whole to conclude that De Sales was removable for his sham marriage with Hurtado. Specifically, the IJ and BIA gave these reasons, all supported by the record, to reach the conclusion that the marriage was a sham: (1) Hurtado's handwritten sworn statement that she entered into a sham marriage in

exchange for a Buick and that she and De Sales never truly lived together, Officer Mateo's testimony that he personally observed Hurtado write the statement, and the lack of evidence showing that Hurtado lied on the statement; (2) De Sales's failure to list the residence he purported to live in with Hurtado during their marriage when asked about all his prior addresses; (3) the lack of time between his marriage and application for status and the lack of time between his approved adjustment and his divorce; (4) De Sales's failure to list in his application for adjustment a son he had fathered with a woman other than Hurtado, which possibly was an attempt to avoid scrutiny of his application; and (5) De Sales's invocation of the Fifth Amendment against self-incrimination when asked why he married Hurtado, if he had ever lived at his purported marital home, and what his marital status was on his 2009 and 2010 tax returns.

Indeed, adverse inferences based on silence are permissible in removal proceedings, as they are civil in nature rather than criminal, and "may properly lead in turn to a finding a deportability against him." Lopez-Mendoza, 468 U.S. at 1043-44; Guevara, 20 I&N at 241. The fact that De Sales responded to most of the government's questions, and chose only to remain silent in the face of questions whose answers would prove the fraudulent nature of his marriage provides a strong inference. On this record, we cannot say that the IJ and BIA's finding of an adverse

inference in De Sales's choice to remain silent was unsupported or could not have been used to make a finding of deportability against him.  Guevara, 20 I&N at 241.

Accordingly, substantial evidence in the record as a whole supports the conclusion of the IJ and BIA that De Sales was removable for his sham marriage with Hurtado.  Adefemi, 386 F.3d at 1027.  While we might have weighed the evidence and come to a different conclusion, the evidence does not compel a different finding.  Chen, 463 F.3d at 1230-31.  We deny the petition for review.

**PETITION DENIED.**