NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 19-3479

FABIOLA CHAVEZ-SANCHEZ,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

On Petition for Review of a Final Order
of the Board of Immigration Appeals
Immigration Judge:  Alice S. Hartye
(No. A215-927-913)

Submitted Under Third Circuit L.A.R. 34.1(a)
May 28, 2020

Before: AMBRO, HARDIMAN, and RESTREPO, Circuit Judges

(Opinion filed: June 11, 2020)

OPINION[*]

AMBRO, Circuit Judge

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Petitioner Fabiola Chavez-Sanchez petitions for review of an order of the Board of Immigration Appeals ("BIA"). It dismissed her appeal after an immigration judge ("IJ") denied her claim for relief and ordered her removal. We deny the petition.

I.

Chavez-Sanchez, a citizen of Mexico, entered the United States without inspection in 2008. In 2017, she gave birth to a son, Oliver. In June 2018, Chavez-Sanchez brought Oliver to the hospital after he had suffered multiple fractures of his legs and arm. The police were notified and the county took custody of Oliver. In January 2019, Chavez-Sanchez was charged criminally for endangering Oliver's welfare.

This brought Chavez-Sanchez to the attention of the Department of Homeland Security ("DHS"), which began removal proceedings, charging her as removable for having entered without inspection. She conceded removability but applied for relief from removal in the forms of cancellation of removal, asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

At a hearing before the IJ, Chavez-Sanchez's counsel withdrew all applications except the CAT claim. Counsel explained that Chavez-Sanchez "ha[d] a pending criminal charge against her . . . relating to endangerment of child welfare," and that counsel did not "want to waste court time" by seeking cancellation of removal. A.R. 147.

The IJ considered the CAT claim, hearing testimony from Chavez-Sanchez that she feared returning to Mexico because her mother, brother, nephew, and cousin had all been victims of crime there. Specifically, she testified that her mother had been robbed at gunpoint and assaulted, that her brother had been kidnapped and robbed, that her nephew

2

had been robbed and shot at, and that her cousin had been killed by a gang. The IJ denied Chavez-Sanchez's claim, concluding that, though her testimony was credible, she had not shown it was more likely than not she would be tortured with the acquiescence of the Mexican government if she returned to Mexico.

Chavez-Sanchez obtained new counsel and appealed to the BIA. She argued that she had been denied due process because her previous counsel had not submitted evidence regarding her mental health and because the IJ failed to consider statements she made at the hearing that cast doubt on her mental capacity to participate in the removal proceedings. She further argued that she was eligible for cancellation of removal notwithstanding her previous counsel's withdrawal of that claim. And she claimed that the IJ erred in denying her CAT claim for failing to show that she would be tortured in Mexico.

The BIA dismissed the appeal. As to the due process argument, the BIA "f[ound] no indication that [Chavez-Sanchez] was unable to understand the proceedings or otherwise unable to present her case." A.R. 3. It also held that she had shown no "egregious circumstances" that would excuse her previous counsel's withdrawal of the cancellation-of-removal application. A.R. 4. And finally, as to the CAT claim, the BIA agreed that Chavez-Sanchez had not presented evidence sufficient to show it was more likely than not that she would be tortured with the acquiescence of the Mexican government if she returned to Mexico.

Chavez-Sanchez petitions us for review. After filing her petition, she was acquitted of the criminal charge of child endangerment. She asks we take judicial notice

3

of her acquittal and argues that it further supports remanding this matter to the BIA for consideration of her previously withdrawn application for cancellation of removal.

## II.[1]

We begin with Chavez-Sanchez's argument that, in light of her acquittal, this matter should be remanded to the BIA. As the BIA explained, counsel's decision to withdraw an application for relief is binding "[a]bsent egregious circumstances." *In re Velasquez*, 19 I. & N. Dec. 377, 382 (BIA 1986); *accord Calla-Collado v. Att'y Gen.*, 663 F.3d 680, 683 (3d Cir. 2011) (per curiam). Such circumstances do not include a counsel's "tactical decision" to concede a claim. *In re Velasquez*, 19 I. & N. Dec. at 382.

Chavez-Sanchez points to no egregious circumstances that would excuse her previous counsel's withdrawal of her cancellation-of-removal application. Instead, she merely argues that she is eligible for that relief. But her eligibility does not demonstrate that her counsel withdrew the application for anything but tactical reasons. And the record supports the conclusion that the decision was a tactical one, as counsel noted that the application would "waste court time" given the pending criminal charge. A.R. 147. Accordingly, for purposes of this petition for review, Chavez-Sanchez is bound by the previous withdrawal of her application for cancellation of removal.[2]

---

[1] We have jurisdiction over this petition for review under 8 U.S.C. § 1252.

[2] In her brief to us, Chavez-Sanchez notes that, in light of her acquittal, she "will soon be filing a motion with the BIA seeking to reopen the underlying removal proceedings in order to pursue her Cancellation of Removal application." Pet'r's Br. 12 n.2. We make no decision as to the propriety of such a motion, as it is not before us. Nor do we consider whether her previous counsel provided ineffective assistance such that the removal proceedings violated her right to due process, as her current counsel did not present that argument to the BIA nor offers it here.

4

We next consider Chavez-Sanchez's argument that remand is required because her previous counsel failed to submit evidence regarding her mental health and because the IJ failed to consider evidence indicating that she was not competent to participate in removal proceedings. As the BIA has held, an alien is "presumed to be competent to participate in removal proceedings," and, "[a]bsent indicia of mental incompetency, [the IJ] is under no obligation to analyze an alien's competency." *In re M-A-M-*, 25 I. & N. Dec. 474, 477, 484 (BIA 2011) (holding that those indicia were present where "[t]he record include[d] several psychiatric reports that diagnose[d] [the petitioner] with mental illness, and during criminal proceedings . . . the [petitioner] was found to be unfit to proceed with a trial"); *accord Muñoz-Monsalve v. Mukasey*, 551 F.3d 1, 6 (1st Cir. 2008) (holding that "an IJ is not normally expected to initiate evaluative proceedings sua sponte," and rejecting due process challenge based on competency where "[t]he record contain[ed] no significantly probative evidence of any lack of competency on the petitioner's part").

Here, as in *Muñoz-Monsalve*, Chavez-Sanchez was represented by counsel during the hearing before the IJ and did not put her competency at issue at that time. And, like the petitioner in *Muñoz-Monsalve*, she points to no evidence that should have alerted the IJ that she could be incompetent. She notes that, during a hearing before the IJ, she indicated that she was "feeling pretty sad" because, among other things, she missed Oliver and her "head hurt[] a lot." A.R. 143. She also notes that, when the IJ asked her to sign the application for CAT relief, she responded that it was "in English" and asked that it be read to her. A.R. 158. But, as the BIA concluded, none of these statements

suggest that she did not understand the proceedings or was otherwise incompetent. *See In re M-A-M-*, 25 I. & N. Dec. at 484 ("The test for determining whether an alien is competent . . . is whether . . . she has a rational and factual understanding of the nature and object of the proceedings, can consult with [her] attorney . . . , and has a reasonable opportunity to examine and present evidence and cross-examine witnesses.").

We also agree with the BIA that the evidence that Chavez-Sanchez submitted for the first time on appeal does not suggest that she was incompetent, thus requiring the BIA to remand the matter to the IJ for a competency determination. Specifically, she submitted a statement prepared by the Montgomery County Office for Children and Youth indicating that she underwent a "psychiatric evaluation" in 2018 from which "it was recommended she attend individual therapy." A.R. 32. But the statement says nothing specific about her mental condition. And a clinical assessment that Chavez-Sanchez submitted to the BIA indicates that, while she had been "referred . . . for an evaluation" based on a concern that "she has postpartum depression," A.R. 25, she reported at that evaluation that she had "not experienced symptoms of depression, anxiety, paranoia, fear, being overwhelmed, or postpartum depression . . . ." A.R. 26. Accordingly, the BIA did not err in concluding that this information did not require a remand to the IJ for a competency determination.

Finally, we consider Chavez-Sanchez's argument that the BIA erred in rejecting her CAT claim. It agreed with the IJ's conclusion that, though several of Chavez-Sanchez's family members had been the victims of crime in Mexico, she had not demonstrated that it was more likely than not that she would be tortured if she returned

6

there.  This is a factual finding, *see Kaplun v. Att'y Gen.*, 602 F.3d 260, 271 (3d Cir. 2010), which we review for substantial evidence, reversing only if "any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

We cannot conclude that no reasonable adjudicator could find, as the IJ did, that Chavez-Sanchez had not demonstrated it was more likely than not she would be tortured if she returned to Mexico.  While her cousin was killed and several other members of her family were victims of crime, she herself suffered no harm while living there.  And she introduced no evidence that the crimes committed against her family members were related.  Thus the IJ reasonably found that her CAT claim was "speculative in nature." A.R. 116; *see Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (per curiam) (holding that petitioners failed to establish eligibility for CAT relief where they introduced only "generalized evidence of violence and crime in Mexico," including evidence that one of their relatives there had been "attacked" and another's house had been broken into).

\* \* \* \* \*

For the reasons set out above, we deny the petition for review.